ELIZABETH M. RHOADS, PLAINTIFF v. FLETCHER BRYANT, DEFENDANT AND THIRD PARTY PLAINTIFF v. D. EDWIN RHOADS, JR., THIRD PARTY DEFENDANT

No. 816SC750

(Filed 6 April 1982)

**Automobiles § 95.2— admissions of automobile ownership and of driver's negligence— summary judgment proper for third party**

In an action in which plaintiff sought to recover for injuries sustained when an automobile in which she was a passenger hit a bull, admissions establishing plaintiff's ownership of the automobile and third party defendant's negligence in driving it established plaintiff's contributory negligence as a matter of law, thus defeating her claim against defendant.

APPEAL by plaintiff from *Fountain, Judge.* Judgment entered 18 February 1981 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 12 March 1982.

Plaintiff appeals from the trial court's grant of summary judgment for defendant as to plaintiff's negligence action. The facts of the case will be discussed in the body of the opinion.

*Thomas L. Jones, for plaintiff-appellant.*

*Baker and Jones, by Ronald G. Baker, for defendant-appellee.*

WELLS, Judge.

The factual and procedural history of this case is as follows. At approximately 9:30 p.m. on 6 September 1978, plaintiff and her husband, both Virginia residents, were driving on a dark, rural road in Northampton County, North Carolina. Plaintiff owned the car which her husband was driving. A bull owned by defendant was standing in the middle of the unlit road; plaintiff's car struck the bull, and as a result, plaintiff suffered personal injury. Plaintiff instituted this action against defendant, a North Carolina resident, alleging that defendant knew the bull had escaped before, and negligently had allowed the bull to roam at large in violation of G.S. 68-16. Defendant filed an answer denying negligence, and filed a third party complaint against plaintiff's husband, alleging that he had been negligent in driving recklessly, above the speed limit, and without maintaining a proper lookout. Defendant also prayed for damages from third party defendant for the value of his bull. In an amendment to his complaint, defendant also alleged that the negligence of third party defendant should be imputed to plaintiff, owner of the automobile, in bar of her claim.

Prior to the institution of her claim against defendant, plaintiff had brought an action against her husband in the Virginia courts, alleging the negligence of her husband in driving her car. The Virginia action terminated when plaintiff gave her husband a covenant not to sue for the consideration of $6,000.00.

Pursuant to discovery in the North Carolina action, defendant filed requests for admissions by plaintiff, under the provisions of G.S. 1A-1, Rule 36(b) of the Rules of Civil Procedure. In response, plaintiff admitted the truth of the following relevant allegations in her motion for judgment in the Virginia action:

7. That at the said time and place aforesaid, the defendant, Rhoads, carelessly, recklessly and in a negligent manner did fail to drive at a reasonable speed under the circum-

stances and conditions existing at the time, fail to keep his vehicle under reasonable and proper control at all times; fail to apply brakes in order to avoid hitting an animal in the road; fail to maintain and keep a reasonable and proper lookout, and otherwise fail to obey and comply with the traffic laws and statutes of the Commonwealth of Virginia for such cases made and provided.

. . .

11. That notwithstanding the duties [of Bryant] as aforesaid, the defendant, Rhoads, carelessly, recklessly and in a negligent manner failed to operate said vehicle at a reasonable and proper speed under the circumstances and conditions existing at the time, failed to keep said vehicle under reasonable and proper control at all times, failed to maintain and keep a reasonable and proper lookout; failed to apply brakes and slow down, and failed to obey and comply with the traffic laws and statutes of the Commonwealth of Virginia for such cases made and provided.

Plaintiff also admitted that she owned the automobile which her husband was driving, and that she was riding in the front seat as a passenger at the time of the accident. Based on these admissions, defendant moved for summary judgment. Plaintiff submitted an affidavit stating that "[p]laintiff's husband did everything he could to avoid colliding with said bull." Judge Fountain granted defendant's G.S. 1A-1, Rule 56 motion, and also dismissed plaintiff's claim with prejudice.

Plaintiff's argument on appeal is that there were outstanding, material issues of fact in regard to defendant's negligence in allowing his bull to escape into a public road, which rendered entry of summary judgment improper. We do not agree. The effect of an admission made pursuant to a Rule 36(b) request is that: "Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Plaintiff made no motion to withdraw or to amend the admissions she made in response to defendant's requests for admissions during discovery. Plaintiff's affidavit opposing summary judgment does not overcome the conclusive effect of her previous admissions, and, therefore, no issue of fact is raised by

her assertion that her husband did everything he could to avoid the collision.

The next issue, then, is the effect of the admissions of plaintiff's ownership of the automobile and of third party defendant's negligence in driving it on plaintiff's claim against defendant. Where the driver's negligence has been conclusively established, in the absence of any rebuttal evidence on agency, the driver's negligence is imputed to an owner who was a passenger in the automobile at the time of the collision. *Randall v. Rogers*, 262 N.C. 544, 138 S.E. 2d 248 (1964); *Industries, Inc. v. Tharpe*, 47 N.C. App. 754, 268 S.E. 2d 824 (1980), *disc. rev. denied*, 301 N.C. 90, 273 S.E. 2d 311 (1980); *Hearne v. Smith*, 23 N.C. App. 111, 208 S.E. 2d 268 (1974); *cert. denied*, 286 N.C. 211, 209 S.E. 2d 315 (1974); *see generally*, 2 Strong's N.C. Index 3d, Automobiles, § 95.2; Annot., 50 A.L.R. 2d 1281. The effect of this imputed negligence is to establish plaintiff's contributory negligence as a matter of law, thus defeating plaintiff's claim against defendant. *Industries, Inc. v. Tharpe*, supra; *Hearne v. Smith*, supra. For the reasons stated, the trial court did not err in granting summary judgment for defendant.

Affirmed.

Judges HILL and BECTON concur.