OVERNITE  TRANSPORTATION  COMPANY  v.  A.  R.  STYER,  D/B/A
AUTOMATED COMPUTER SYSTEMS

No. 8121SC799

(Filed 4 May 1982)

**1. Rules of Civil Procedure § 60.2; Judgments § 25.1— relief from summary judgment—name misspelled on calendar—no excusable neglect**

Defendant failed to show "excusable neglect" within the purview of G.S. 1A-1, Rule 60(b) so as to entitle him to relief from a summary judgment entered against him where defendant showed only that a calendar which

notified him of the date, time and place of the hearing on the motion for summary judgment listed his name as "A.R. Styler" rather than "A.R. Styer," and where other evidence showed that defendant assumed that the calendared case was his and that he made no appearance through counsel at the hearing and did not request a continuance.

2. **Corporations § 1; Judgments § 29.1; Rules of Civil Procedure § 60.2— motion to set aside judgment—absence of meritorious defense**

The trial court properly found that defendant had no meritorious defense to plaintiff's action on the ground that a corporation rather than defendant was responsible for the obligation to plaintiff where the corporation's nonexistence was established by defendant's failure to respond to plaintiff's request for an admission that defendant was doing business as a company which "is not a corporation, nor has ever been, properly organized or operating as a lawful corporation under the laws of the State of North Carolina." G.S. 1A-1, Rule 36.

APPEAL by defendant from *Mills, Judge.* Judgment entered 5 May 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 March 1982.

*White & Crumpler, by William E. West, Jr., for plaintiff-appellee.*

*A. R. Styer, defendant, pro se.*

HILL, Judge.

In its complaint, plaintiff alleges that defendant bought data processing equipment from Data General Corporation for $18,021.85 in June 1979, such goods being delivered to defendant by plaintiff. The delivery was shipped "C.O.D." to defendant's office, and defendant was required to pay freight charges, the purchase price, and "C.O.D." fees totaling $18,318.42. Plaintiff collected only the freight charges, and it alleges that defendant now owes $18,296.86. Defendant denied doing business as Automated Computer Systems during June 1979, and further denied that the goods were delivered "C.O.D.", as plaintiff alleged.

Following its complaint, plaintiff requested admission of the following matters by defendant:

(1) Defendant did business as either Automated Computer Systems or Automated Computer Systems, Incorporated in Guilford County, North Carolina.

(2) Defendant is the owner of Automated Computer Systems.

(3) On or about June 5, 1979 and June 15, 1979, defendant bought nine (9) cartons of machine systems, devices and processing equipment from Data General Corporation for the sum of Eighteen Thousand Twenty-One Dollars and 85/100 ($18,021.85).

(4) Said goods were delivered by plaintiff to defendant, and defendant accepted said goods.

(5) That said goods were shipped to defendant by Data General Corporation pursuant to contract, said goods were shipped "COD".

(6) That said goods were delivered to defendant by plaintiff without collection of the sum of Eighteen Thousand Twenty-One Dollars and 85/100 ($18,021.85).

(7) Defendant has never been an officer, shareholder, employee or director of Automated Computer Systems, Incorporated.

(8) The attached Exhibit "A" is a true copy of a paper signed by the defendant.

(9) Defendant has held himself out as Automated Computer Systems, Inc.

(10) Automated Computer Systems failed to comply with the laws of the State of North Carolina and therefore has never existed as a separate entity.

No response was made by defendant to plaintiff's request, and plaintiff moved for summary judgment. *See* G.S. 1A-1, Rule 36(a). The motion was granted. Defendant later filed a motion to set aside judgment and subsequent proceedings alleging, in part, as follows:

2. . . . The defendant, A. R. Styer was not notified of the motion for summary judgment or the hearing on the said motion and further the certificate of service shows that a copy was sent to an attorney for the defendant even though the defendant did not have an attorney. The defendant, A. R. Styer received only a copy of a calendar which did not state

his name but stated the name of "A. R. Styler" which did not properly inform him of the date, time or place for hearing in order that he might protect his rights.

. . . .

4. . . . The defendant has a meritorious defense to the claim and if said judgment is stricken and he is properly notified as to the time and place of the hearing, he is prepared to show to the Court that any and all purported obligations which the plaintiff might claim in this action are obligations of a corporation and not the individual defendant.

The trial judge found facts and concluded, in part, as follows:

2. The defendant, A. R. Styer, has failed to prove "excusable neglect" pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure in that he has properly been served with the complaint, Request for Admissions pursuant to Rule 36, and Notice for Motion of Summary Judgment.

3. The defendant, A. R. Styer, has failed to prove that he has a "meritorious defense" to the claim failed [sic] against him in that the corporation whom he alleges is the responsible party in this action is not a corporation organized or operating under the laws of the State of North Carolina.

Defendant's motion thereby was denied, and he appeals to this Court.

Rule 60(b) of the North Carolina Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or *excusable neglect* . . .." (Emphasis added.) Whether "excusable neglect" has been shown is a question of law, not a question of fact. *Texas Western Financial Corp. v. Mann*, 36 N.C. App. 346, 243 S.E. 2d 904 (1978); *Engines & Equipment, Inc. v. Lipscomb*, 15 N.C. App. 120, 189 S.E. 2d 498 (1972). "What constitutes 'excusable neglect' depends on what may be reasonably expected of a party in paying proper attention to his case under all the surrounding circumstances." *Dishman v. Dishman*, 37 N.C. App. 543, 547, 246 S.E. 2d 819, 822 (1978).

[1]  In the present case, the only finding of fact excepted to by defendant is Finding of Fact No. 6, which states that "[t]he defendant, A. R. Styer, was notified of the Motion for Summary Judgment and received a copy of the calendar which properly informed him of the date, time, and place for hearing in order that he might protect his rights." The evidence shows that although defendant's name was misspelled in the caption of his case on the calendar, he assumed that the case calendared was his case. Defendant made no appearance in person or through counsel at the hearing on the motion and did not ask for a continuance, such actions being what may reasonably be expected of a party in paying proper attention to his case. His failure to take these actions was neglect, and it is not excusable. Therefore, the trial judge properly concluded that defendant failed to prove "excusable neglect" to relieve him from the judgment under G.S. 1A-1, Rule 60(b).

[2]  Defendant also contends that he has a meritorious defense to plaintiff's action against him in that the obligation to pay plaintiff, which plaintiff alleges, is the corporation's obligation, not his personal obligation. However, the court cannot set aside a judgment unless there is a conclusion that the neglect was excusable *and* that there is a meritorious defense. *Moore v. WOOW, Inc.,* 250 N.C. 695, 110 S.E. 2d 311 (1959); *Wynnewood Corp. v. Soderquist,* 27 N.C. App. 611, 219 S.E. 2d 787 (1975); *Doxol Gas of Angier, Inc. v. Barefoot,* 10 N.C. App. 703, 179 S.E. 2d 890 (1971). Since we have concluded that defendant has failed to prove "excusable neglect," the court did not err in denying defendant's motion to set aside judgment and subsequent proceedings. Assuming, *arguendo,* that defendant's inaction was "excusable neglect," and we conclude that it is not, he has failed to prove a meritorious defense.

In the present case, defendant received plaintiff's request for admissions but did not respond within 30 days after its service upon him. "We understand G.S. 1A-1, Rule 36 to mean precisely what it says. A party, to avoid having the requests deemed admitted, must respond within the period of the rule if there is any objection whatsoever to the request." *Rutherford v. Bass Air Conditioning Co.,* 38 N.C. App. 630, 636, 248 S.E. 2d 887, 892 (1978), *disc. rev. denied,* 296 N.C. 586, 254 S.E. 2d 34 (1979). By failing to respond to the request for admissions, defendant has

placed the obvious answer to the questions in the record as un-controverted evidence. Thus, the trial judge found as facts that defendant was doing business as "Automated Computer Systems or Automated Computer Systems, Inc." and that "Automated Computer Systems or Automated Computer Systems, Inc. is not a corporation, nor has ever been, properly organized or operating as a lawful corporation under the laws of the State of North Carolina." The judge's conclusion, that defendant failed to prove a meritorious defense because the corporation which he alleges is the responsible party is nonexistent, is supported by the facts.

The summary judgment for plaintiff is affirmed; no genuine issue as to any material fact exists in this case. G.S. 1A-1, Rule 56(c).

Affirmed.

Judges WELLS and BECTON concur.