THE TOWN OF CHAPEL HILL, PLAINTIFF-APPELLEE v. JOSEPH BURCHETTE AND ELSIE SESSOM BURCHETTE, DEFENDANT-APPELLANTS

No. 8915SC1234

(Filed 21 August 1990)

1. **Eminent Domain § 7.1 (NCI3d) — condemnation — entirety property — taking on separate dates**

   The contention in a condemnation action that defendants owned their property by entireties and that plaintiff could therefore not acquire the property unless it did so simultaneously was not raised below and could not be raised on appeal; furthermore, plaintiff properly filed an amended complaint naming the wife, and, although plaintiff acquired title on separate dates, N.C.G.S. Chapter 40A contains no requirement that title to condemned property be divested simultaneously.

   **Am Jur 2d, Eminent Domain §§ 131, 249, 320.**

2. **Eminent Domain § 7.7 (NCI3d) — condemnation — answer — challenge to power to condemn not presented**

   Defendants in a condemnation action did not assert a challenge to the town's power to condemn the property where the original answer by defendant Joseph Burchette contested only the amount of compensation due, so that title to Joseph Burchette's interest vested in plaintiff at that time, and, since

an amended complaint was new only to the extent that it added Elsie Burchette as a defendant, Joseph Burchette's answer to the amended complaint could not effectively raise the defense of.lack of public purpose. Elsie Burchette never filed an answer to the amended complaint and therefore her interest in the property vested in plaintiff 120 days from the date of service.

**Am Jur 2d, Eminent Domain §§ 25, 395, 397.**

**3. Eminent Domain § 3.1 (NCI3d) — condemnation — recreational facilities — public purpose**

The trial court did not err in a condemnation action by finding that plaintiff was authorized to acquire land for parks, recreational programs and facilities through the exercise of eminent domain or by finding that the land was being taken for a public purpose. N.C.G.S. § 40A-3(b)(3) vests municipalities with the power of eminent domain to establish, enlarge, or improve parks, playgrounds and other recreational facilities, and N.C.G.S. § 160A-353(3) authorizes the use of eminent domain by municipalities to acquire land for parks, recreational programs and facilities. Plaintiff stated in its original complaint that the property was being taken for the purpose of creating parks, playgrounds and recreational facilities.

**Am Jur 2d, Eminent Domain §§ 25-29, 60.**

**4. Rules of Civil Procedure § 36 (NCI3d) — condemnation — lack of access to property — request for admissions — failure to respond**

The trial court did not err by concluding in its final order in a condemnation action that the property did not have any means of egress or ingress where the lack of access was established by defendant's failure to respond to plaintiff's requests for admissions on the issue.

**Am Jur 2d, Eminent Domain §§ 175, 279.**

**5. Eminent Domain § 13.4 (NCI3d) — condemnation — compensation — amounts awarded supported by evidence**

The trial court did not err in a condemnation proceeding by finding that the value of the property was $14,000 where no exceptions were taken to the admission of testimony con-

cerning the value of the land and the amount awarded was within the wide range established by the evidence.

**Am Jur 2d, Eminent Domain §§ 427, 443.**

APPEAL by defendants from judgment entered 12 July 1989 in ORANGE County Superior Court by *Judge F. Gordon Battle.* Heard in the Court of Appeals 10 May 1990.

Defendants, husband and wife, own property against which plaintiff Town brought a condemnation action. The original complaint was filed 29 April 1987 and named only defendant Joseph Burchette. On 27 January 1988 Joseph Burchette answered plaintiff's complaint, raising only the issue of just compensation. Plaintiff was granted leave to file an amended complaint adding defendant Elsie Burchette as a party defendant on 23 May 1988. On 15 August 1988 defendants' original counsel was allowed to withdraw and defendants proceeded *pro se* until after giving notice of appeal in July 1989.'

On 14 November 1988, an order was entered ruling that defendant Joseph Burchette's interest in the property at issue vested in the Town upon the filing of his original answer in January 1988 and that the Town had the power to acquire the subject property. On 22 May 1989 an order was entered stating that there was no means of egress or ingress to the property. Both defendants appeared at a hearing to determine the amount of just compensation on 11 July 1989. The trial court determined the property to be worth $14,000. Defendants appealed.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Michael W. Patrick and Marilyn A. Bair, for plaintiff-appellee.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendants-appellants.*

WELLS, Judge.

[1] Defendants attempt to argue that because they held the property as tenants by the entirety, plaintiff could not acquire title to their interest unless it did so simultaneously. In support of this argument defendants rely on plaintiff's failure to name Elsie Burchette as a defendant in the original complaint. We note that defendants did not raise this argument below. A contention not raised in the trial court may not be raised for the first time on

appeal. *See, e.g., Williams v. Burlington Industries, Inc.*, 75 N.C. App. 273, 330 S.E.2d 657 (1985), *rev'd on other grounds*, 318 N.C. 441, 349 S.E.2d 842 (1986). Furthermore, plaintiff properly filed an amended complaint and memorandum of taking naming Elsie Burchette as a party defendant. Once Elsie Burchette was served, this procedural flaw was remedied. Although plaintiff acquired title to defendants' interest in the property on separate dates, Chapter 40A contains no requirement that title to condemned property be divested simultaneously. We therefore overrule this assignment of error.

[2] Defendants next assert that defendant Joseph Burchette's second answer, filed after the Town had amended its complaint to include defendant Elsie Burchette, effectively asserted a challenge to the Town's power to condemn the property. Defendants also assign as error the trial court's finding that defendant Elsie Burchette's interest in the property was acquired by plaintiff in March 1989 due to Elsie Burchette's failure to respond to the amended complaint. Both these assignments are without merit.

The plaintiff is a public condemnor. The exclusive procedures to be used in this State by all local public condemnors are found in Chapter 40A of the General Statutes. N.C. Gen. Stat. § 40A-42 (1984) in pertinent part provides:

(b) [T]itle to the property specified in the complaint, together with the right to immediate possession thereof, shall vest in the condemnor:

(1) Upon the filing of an answer by the owner who requests only that there be a determination of just compensation and who does not challenge the authority of the condemnor to condemn the property; or

(2) Upon the failure of the owner to file an answer within the 120-day time period established by G.S. § 40A-46;

. . .

G.S. § 40A-42(b)(1)(2). The original answer of defendant Joseph Burchette contested only the amount of compensation due; it did not contest the power of plaintiff to condemn the property. Pursuant to the statute, title to Joseph Burchette's interest vested in plaintiff at that time. The plaintiff's filing of the amended complaint did not void Joseph Burchette's original answer. A defendant

TOWN OF CHAPEL HILL v. BURCHETTE

[100 N.C. App. 157 (1990)]

is entitled to amend his answer to meet the contents of a *new* complaint. *Halsey Co., Inc. v. Knitting Mills, Inc.*, 38 N.C. App. 569, 248 S.E.2d 342 (1978) (emphasis supplied). However, the amended complaint in this case was "new" only to the extent it added Elsie Burchette as a defendant. The remaining allegations were identical to those in the original complaint. Joseph Burchette's answer to the amended complaint attempted to challenge the power of plaintiff to condemn the property; there was no response to the addition of Elsie Burchette as a party defendant. We therefore conclude that Joseph Burchette's answer to the amended complaint could not effectively raise the defense of lack of public purpose.

Likewise, the statute controls the effect of failure to answer a complaint containing a declaration of taking. Defendant Elsie Burchette has never filed an answer to the amended complaint; therefore, by operation of law her interest in the property vested in plaintiff 120 days from the date of service. *See also* N.C. Gen. Stat. § 40A-46 (1984). These assignments are accordingly overruled.

[3] Defendants also contend that it was error to find that plaintiff was authorized to acquire land for parks, recreational programs and facilities through the exercise of the power of eminent domain. With regard to both the interlocutory order which initially ruled that the land was being taken for a public purpose and the finding to that effect in the final order, defendants argue that the record did not support a finding that the park was for the public use or benefit. We disagree. N.C. Gen. Stat. § 40A-3(b)(3) (Supp. 1989) vests municipalities with the power of eminent domain to establish, enlarge, or improve parks, playgrounds and other recreational facilities. Likewise, N.C. Gen. Stat. § 160A-353(3) (1987) authorizes the use of eminent domain by municipalities to acquire land for parks, recreational programs and facilities. Plaintiff stated in its original complaint that the property was being taken "for the purpose of creating parks, playgrounds and recreational facilities." Condemning land for use as a public park is clearly authorized by law. *See, e.g., City of Charlotte v. Russo*, 82 N.C. App. 588, 346 S.E.2d 693 (1986). This assignment is overruled.

[4] Defendants next assign as error the trial court's conclusion in the final order that the property did not have any actual means of egress or ingress. This conclusion was based on an earlier order stating that there was no means of access to the property. This conclusion was properly relied upon by the trial court at the hearing

on just compensation. Lack of access was established at a hearing on 22 May 1989 by defendants' failure to respond to plaintiff's requests for admissions on the issue of no record means of egress or ingress. The record in the present case shows that defendants were served with the requests for admissions but did not respond within 30 days after service. This court has previously held that N.C. Gen. Stat. § 1A-1, Rule 36 (1983 & Supp. 1989) means "precisely what it says." *Overnite Transportation Co. v. Styer,* 57 N.C. App. 146, 291 S.E.2d 179 (1982) (citation omitted). In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request. *Id.* By failing to respond to plaintiff's request for admissions, defendants allowed the lack of access to be judicially established. This assignment is therefore without merit and it is accordingly overruled.

[5] Defendants also contend that the trial court erred in finding that the value of the property was $14,000 at the time of the taking. Defendants assert that there was no evidence to support the amount awarded by the trial court; however, no exceptions were taken to the admission of testimony concerning the value of the land. Based on our review of the record, we conclude that there was sufficient evidence to support the award of $14,000. Defendant Joseph Burchette testified that in his opinion the property was worth $100,000. On cross-examination he admitted that his estimate assumed access to the property. Plaintiff's appraiser testified that were the property not landlocked, his estimate of its value would be $10,000 per acre, or "something less than $20,000." However, based on the fact that the property was landlocked, plaintiff's appraiser estimated its value at the time of the taking to be $9,000. Clearly, there was wide variation between the values as testified to at the hearing. Nevertheless, the amount of compensation awarded by the trial court was within the range established by the evidence. *See, e.g., Board of Transportation v. Powell,* 21 N.C. App. 95, 203 S.E.2d 328 (1974) (as long as properly instructed, juries' verdicts upheld even though amount of award did not represent an exact value testified to but rather was within the range established by competent evidence).

Defendants' remaining assignment of error attacks the trial court's entry of judgment that plaintiff was entitled to acquire by eminent domain a fee simple interest in defendants' property. Defendants rely on their previous arguments asserting lack of public

purpose and failure to acquire an interest in property held by tenants by the entirety. We have addressed these arguments *supra*, found them to be without merit, and overruled them. We likewise overrule this assignment.

The decision of the trial court is

Affirmed.

Judges PARKER and DUNCAN concur.