MUNAZZA T. RAHIM, d/b/a TAB ORIENTAL RUGS, Plaintiff v. TRUCK AIR OF THE CAROLINAS, INC., Defendant

No. COA95-146

(Filed 20 August 1996)

**Carriers § 122 (NCI4th)— claim against interstate carrier— Carmack Amendment applicable—failure to make timely claim on carrier**

Plaintiff's claim to recover the value of rugs allegedly stolen from defendant common carrier's warehouse was properly dis-

missed even if plaintiff stated a claim under the Carmack Amendment to the Interstate Commerce Act, which preempts all state claims for shipments over which the ICC has jurisdiction, where plaintiff did not answer defendant's requests for admissions, which included an admission that plaintiff did not make a timely claim on defendant pursuant to the Carmack Amendment and as agreed between the parties under defendant's waybill, and the requested admissions were thus deemed admitted.

**Am Jur 2d, Carriers §§ 538, 539, 578-580, 582, 588, 614.**

Appeal by plaintiff from judgment entered 9 November 1994 by Judge Judson D. DeRamus, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 27 October 1995.

*Tate Law Offices, by C. Richard Tate, Jr. and Maxine D. Kennedy for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, L.L.P., by Bradley R. Kutrow and Scott Boatwright, for defendant-appellee.*

JOHN, Judge.

Plaintiff assigns error to the trial court's entry of summary judgment in favor of defendant. We find plaintiff's arguments unpersuasive.

Pertinent facts and procedural information are as follows: Plaintiff purchased twenty (20) rugs from Persian Oriental Rugs of Lahore, Pakistan, which were shipped 11 March 1990 by KLM Cargo pursuant to waybill no. 07487116993. On 12 April 1990, the rugs arrived in Atlanta, Georgia, were placed with defendant for delivery, were divided into two lots of three bales each and assigned waybill nos. 410641 and 410647.

On 18 April 1990, defendant assigned new waybill no. 407311 to the rugs, and then transported them to plaintiff's warehouse in High Point. However, plaintiff claimed two rugs were missing and refused delivery. Defendant's driver thereupon returned the items to defendant's Greensboro warehouse.

On 23 April 1990, defendant informed plaintiff the Greensboro warehouse had been burglarized the previous weekend, that fifteen of

plaintiff's twenty rugs were missing, and that a police report had consequently been filed. The remaining five rugs were delivered to plaintiff 27 April 1990. According to plaintiff's "Statement of Facts" contained in its appellate brief, "on 2 May 1990 [plaintiff] filed a claim, in the form of a letter, with KLM Cargo and [defendant] for the missing fifteen (15) rugs."

Plaintiff filed the instant action 13 April 1993, alleging in pertinent part as follows:

> 3. Plaintiff purchased twenty (20) rugs from Persian Oriental Rugs of Pakistan. She is informed and believes that said rugs were delivered to KLM Cargo, KLM Royal Dutch Airlines, in Labore, Pakistan and were flown to Atlanta, Georgia and delivered to the defendant for delivery to the plaintiff.

> 4. On 27 April 1990 the defendant delivered five (5) of the twenty rugs to the plaintiff's business at 118 South Main Street in High Point, North Carolina.

> 5. As a direct and proximate result of the defendant's failure to deliver the bailed fifteen (15) rugs, plaintiff has been damaged in the sum of $24,513.32, [plus interest and costs].

Defendant timely answered, denying liability, and on 11 February 1994 served on plaintiff, *inter alia*, a Request for Admissions. Although plaintiff obtained an extension of time (until 15 April 1994) to respond, no answers were forthcoming. On 24 June 1994, defendant moved for summary judgment based upon the pleadings and "the Request for Admissions served February 11, 1994 which are deemed admitted based on the plaintiff's failure to answer them." Defendant asserted two grounds for its motion: (1) "[t]he Carmack Amendment, 49 U.S.C. § 11707, preempts all state and common law claims of breach of contract and negligence for goods lost or damaged by a common carrier during interstate shipment," and "plaintiff's complaint . . . asserts only state law claims;" and (2) "plaintiff has . . . admitted his [sic] failure to abide by a condition precedent to recovery against the defendant."

Following a hearing, the trial court allowed defendant's motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals.

**RAHIM v. TRUCK AIR OF THE CAROLINAS**

[123 N.C. App. 609 (1996)]

The sole issue on appeal is whether defendant's motion for summary judgment was properly granted. We affirm the action of the trial court.

Summary judgment is appropriate if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The burden is upon the party moving for summary judgment to show that no triable issue of fact exists, *Varner v. Bryan*, 113 N.C. App. 697, 700, 440 S.E.2d 295, 298 (1994), which burden may be met by showing that the opposing party's claim is barred by an affirmative defense which cannot be overcome. *Id.* at 701, 440 S.E.2d at 298.

Defendant first contends the trial court's entry of summary judgment was proper because plaintiff failed to sue defendant "under 49 U.S.C. § 11707, [but] instead asserted a state law bailment claim," and "the Carmack Amendment preempts all state law claims for shipments over which the Interstate Commerce Commission has jurisdiction." While we sustain defendant's latter assertion, we find it unnecessary to discuss the former in detail.

The Carmack Amendment (Carmack), enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, "addresses the liability of common carriers for goods lost or damaged during a shipment over which the Interstate Commerce Commission has jurisdiction." *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 704 (4th Cir. 1993). Originally codified at 49 U.S.C. § 20(11), Carmack has since been recodified primarily at 49 U.S.C. § 11707, and provides in relevant part as follows:

A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission . . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose line or route the property is transported in the United States . . . .

49 U.S.C. § 11707(a)(1) (19XX).

### RAHIM v. TRUCK AIR OF THE CAROLINAS

[123 N.C. App. 609 (1996)]

Although neither the United States Supreme Court nor our North Carolina courts have considered the specific issue of whether Carmack preempts state common law claims against carriers, each of the federal circuit courts which have addressed the question have concluded the federal amendment indeed preempts state law actions. In *Shao*, for example, plaintiff-shipper's common law negligence and breach of contract claims were determined to be "preempted by the Carmack Amendment" in that "[t]he United States Supreme Court has long interpreted the Carmack Amendment as manifesting Congress' intent to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." *Shao*, 986 F.2d at 704 (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 57 L.Ed. 314, 320 (1913) ("there can be no rational doubt that Congress intended to take possession of the subject [liability carriers] and supersede all state regulation with reference to it")). *See also Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987) ("[t]he Carmack Amendment provides the exclusive remedy," for " 'an action for damages against the delivering carrier'"); *Hughes Aircraft Co. v. North American Van Lines Inc.*, 970 F.2d 609, 613 (9th Cir. 1992); *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989); *Hughes v. United Van Lines Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987); *Air Products & Chemicals, Inc. v. Illinois Central Gulf R.R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983), *cert. denied*, 469 U.S. 832, 83 L.Ed.2d 64 (1984); *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972).

We find the foregoing authorities persuasive and likewise hold Carmack to provide the exclusive remedy for claims against carriers subject to the Interstate Commerce Commission [ICC]. *Accord Zarn, Inc. v. Southern Railway Co.*, 50 N.C. App. 372, 374, 274 S.E.2d 251, 254 (1981) ("As a common carrier engaged in interstate commerce, defendant's liability for damage to cargo is governed by the Carmack Amendment . . . .").

In the case *sub judice*, it is undisputed that defendant qualified as "[a] common carrier providing transportation for services subject to the jurisdiction of the Interstate Commerce Commission," 49 U.S.C. § 11707(a)(1), and that it issued a separate bill of lading covering the domestic segment of the shipment for plaintiff's property received for transportation. *Id. See also Shao*, 986 F.2d at 703 (jurisdiction of ICC extends only to shipments from foreign countries to the United States where shipment is covered by a separate domestic bill of lading).

Accordingly, any claims against defendant for "actual loss or injury to [plaintiff's] property," 49 U.S.C. § 11707(a)(1), would be governed exclusively by Carmack.

Notwithstanding, defendant asserts plaintiff failed to properly assert a claim under Carmack and has instead alleged "a state law bailment claim." While it appears plaintiff's pleading may be sufficient, *see Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 12 L.Ed.2d 194, 198 (1964) (Carmack plaintiff must allege: (1) receipt of the goods by the defendant carrier in good order and condition; (2) the shipment's arrival at its destination in a damaged condition or its failure to arrive at all; and (3) the amount of the loss), it is unnecessary to discuss this issue in detail.

Assuming *arguendo* plaintiff has adequately pled its claim under Carmack, we are in any event persuaded by defendant's argument that summary judgment was properly granted based on plaintiff's admitted failure to satisfy a condition precedent to recovery. Title 49 U.S.C. § 11707(e) states that:

A carrier or freight forwarder may not provide by rule, contract, or otherwise, a period of less than 9 months [270 days] for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section.

It is undisputed that defendant's Requests for Admissions remained unanswered more than six months following the date of filing, and more than four months subsequent to the extension deadline. Pursuant to N.C.R. Civ. P. 36(a), therefore, the following relevant matters for which admissions were requested were deemed admitted by plaintiff:

10. The reverse side of Truck Air waybill nos. 410641, 410647 and 407311 contains the following language:

Formal claims must be filed with the carrier within 270 (total) days after delivery date. Failure to file formal claim within the limitations (time) noted will result in declination of the claim.

11. Truck Air's limitation on time to file formal claims is consistent with 49 U.S.C. § 11707(e).

12. You [plaintiff] filed no formal claim with Truck Air until more than 270 days had passed since delivery date.

RAHIM v. TRUCK AIR OF THE CAROLINAS

[123 N.C. App. 609 (1996)]

We must therefore reject plaintiff's belated assertion, contained in a document denominated "Plaintiff's Response to Defendant's Request for Admissions" ("Response") and served on defendant 30 August 1994, that it submitted a timely claim for damages "by letter to KLM and Truck Air dated 2 May 1990." Pursuant to N.C.R. Civ. P. 36(a), plaintiff's failure to answer within the allowed time period established it had submitted no formal claim to defendant within the 270 days permitted by Carmack and required by defendant's waybill.

As this Court held in *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 394 S.E.2d 698 (1990), "Rule 36 . . . means 'precisely what it says,'" *i.e.*, "[i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Otherwise, failure to so respond dictates that the facts in question are "judicially established." *Id.* at 162, 394 S.E.2d at 701.

Further, save for the flagrantly delinquent service of plaintiff's "Response," the record reflects no attempt under Rule 36(b) by plaintiff to alter "judicial establishment," *see id.*, of its failure to file a claim within the allotted time limitation. *See Rhoads v. Bryant*, 56 N.C. App. 635, 637, 289 S.E.2d 637, 639, *disc. rev. denied*, 306 N.C. 386, 294 S.E.2d 211 (1982) (according to N.C.R. Civ. P. 36(b), " 'Any matter admitted under [Rule 36] is conclusively established unless the *court on motion* permits withdrawal or amendment of the admission" (emphasis added)).

Moreover, we observe the only support in the record for plaintiff's assertion in its brief that it filed a claim by letter on 2 May 1994 is the corresponding statement in the tardy "Response." This in any event does not qualify as evidence of a "formal claim" sufficient to satisfy the minimum requirements for submission of claims against carriers regulated by the ICC. *See* 49 CFR § 1005.2(b).

Plaintiff's failure to submit a timely claim pursuant to Carmack, and as agreed between the parties pursuant to defendant's waybill, precludes plaintiff's suit seeking recovery of damages for loss of the rugs. Defendant thus established it was entitled to "judgment as a matter of law," G.S. § 1A-1, Rule 56(c), and accordingly, the trial court did not err in its entry of summary judgment in favor of defendant.

Affirmed.

Judges LEWIS and WYNN concur.