JULIENE McCLELLAN GOINS v. JOEL G. PULEO, M.D., ELLEN A. PULEO, M.D., AND PINEHURST WOMEN'S CLINIC, P.A.

No. 279A98

(Filed 9 April 1999)

**Discovery— request for admissions—plaintiff's failure to respond—admission established—summary judgment for defendants**

Where the pro se plaintiff failed to respond to defendants' request for admissions in this medical malpractice action, including an admission that all health care provided by defendants was in conformity with the applicable standard of care, plaintiff did not move the court, expressly or impliedly, to withdraw or amend her admissions, and the record shows that the trial court did not in any manner undertake to allow plaintiff to withdraw or amend her admissions, the admissions became conclusively established facts in the case pursuant to N.C.G.S. § 1A-1, Rule 36(a) and constituted a valid basis for summary judgment. Because plaintiff's admission that defendants did not breach the applicable standard of care was before the trial court, the trial court should have granted defendants' motion for summary judgment in their favor.

Justice FRYE dissenting.

Appeal of right by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 130 N.C. App. 28, 502 S.E.2d 621 (1998), reversing one order and affirming another order, both of which were entered 29 January 1997 by

Burke, J., in Superior Court, Moore County. Heard in the Supreme Court 11 January 1999.

*Gill & Dow, by Douglas R. Gill, for plaintiff-appellee.*

*Walker Barwick Clark & Allen, L.L.P., by Robert D. Walker, Jr. and Jeffrey T. Ammons, for defendant-appellants.*

MITCHELL, Chief Justice.

The sole question presented for review before this Court is whether the Court of Appeals erred by affirming the trial court's order denying defendants' motion for summary judgment based on their contention that plaintiff had failed to timely respond to their request for admissions as required by N.C.G.S. § 1A-1, Rule 36. For the reasons that follow, we conclude that plaintiff did not comply with Rule 36 of the North Carolina Rules of Civil Procedure and that the trial court erred by entering the order denying summary judgment in favor of defendants on that basis. Accordingly, we reverse that part of the decision of the Court of Appeals which affirmed this order.

This appeal arises from plaintiff's claim of medical negligence against defendant health-care providers. Plaintiff alleged that she was treated for menorrhagia at the Pinehurst Women's Clinic from 1988 until late August 1990 by defendant Dr. Joel Puleo, an obstetrician and gynecologist. In August 1990, plaintiff began to experience significant menorrhagia and blurred vision. Plaintiff alleged that as a result of medical negligence on the part of defendants, she developed diabetic ketoacidosis, pancreatitis, and an extremely elevated glucose level that ultimately left her in a diabetic coma for several days.

Based upon the foregoing allegations, plaintiff originally filed an action, with the benefit of counsel, against defendants Joel and Ellen Puleo, Pinehurst Women's Clinic, and Moore Regional Hospital on 23 August 1993. On 11 September 1995, plaintiff, acting *pro se*, voluntarily dismissed that action without prejudice. On 10 September 1996, plaintiff, again acting *pro se*, brought this action against the Puleos and Pinehurst Women's Clinic, making essentially the same allegations as in her first action.

Defendants served plaintiff with their answer and a request for admissions by certified mail. One request asked plaintiff to admit that all health care provided by all defendants was in conformity with the applicable standards of medical care. Plaintiff did not respond to defendants' request for admissions.

**GOINS v. PULEO**

[350 N.C. 277 (1999)]

At a pretrial hearing, defendants contended that they were entitled to judgment in their favor on two grounds. The first was that the action was barred by the applicable statute of limitations. The second was that plaintiff had failed to respond to their request for admissions and therefore, by operation of law, had admitted that defendants had complied with the applicable standard of care. Plaintiff, appearing *pro se* at the hearing, denied receiving the request for admissions. In response, defendants presented an affidavit and return receipt tending to show that the request for admissions was sent to plaintiff's home and was received and signed for by plaintiff's husband on 7 October 1996. Plaintiff made no motion and did not otherwise request that the trial court allow her to withdraw or amend her admissions. She relied instead upon the mere allegations of negligence contained in her complaint. Nevertheless, the trial court stated that summary judgment was an "extreme measure" and entered an order denying defendants' motion that summary judgment be granted in their favor because of plaintiff's failure to respond to the request for admissions. However, the trial court entered a separate order concluding that plaintiff's claim was barred by the statute of limitations and dismissing the action on that basis. Plaintiff appealed.

The Court of Appeals unanimously reversed the trial court's order dismissing plaintiff's action for failure to comply with the statute of limitations, concluding that the continuing-course-of-treatment doctrine tolled the running of the statute. Defendants have not sought to have us review that holding by the Court of Appeals, and no issue concerning it is before us.

The majority in the Court of Appeals, with Judge John C. Martin dissenting, affirmed the trial court's separate order denying defendants' motion seeking summary judgment in their favor because of plaintiff's failure to respond to their request for admissions. Defendants now appeal to this Court, based upon Judge Martin's dissent below, and contend that the Court of Appeals erred in affirming this order denying summary judgment.

In support of their single assignment of error, defendants again contend that because plaintiff never responded to their request for admissions, she admitted all facts as requested. Defendants further contend that since plaintiff failed to move that the trial court permit her to withdraw or amend the admissions, the admissions have become conclusively established facts in the case and constitute a valid basis for summary judgment. We agree.

Rule 36(a) of the North Carolina Rules of Civil Procedure pro-
vides in pertinent part that when a written request for admissions is
properly served upon a party to a lawsuit,

> [t]he matter is admitted unless, within 30 days after service of
> the request, or within such shorter or longer time as the court
> may allow, the party to whom the request is directed serves
> upon the party requesting the admission a written answer or
> objection addressed to the matter, signed by the party or by his
> attorney.

N.C.G.S. § 1A-1, Rule 36(a) (1990) (emphasis added). Moreover, "[a]ny
matter admitted under this rule is conclusively established unless the
court on motion permits withdrawal or amendment of the admis-
sion." N.C.G.S. § 1A-1, Rule 36(b) (1990) (emphasis added). Facts that
are admitted under Rule 36(b) are sufficient to support a grant of
summary judgment. Rhoads v. Bryant, 56 N.C. App. 635, 289 S.E.2d
637, disc. rev. denied, 306 N.C. 386, 294 S.E.2d 211 (1982).

In reaching its decision, the majority in the Court of Appeals
relied upon Balson v. Dodds, 62 Ohio St. 2d 287, 405 N.E.2d 293
(1980). In Balson, the Supreme Court of Ohio considered the lan-
guage of Ohio's Rule 36(b) and concluded that a trial court has dis-
cretion to decide whether a party has made a motion to withdraw or
amend admissions in the absence of a formal written motion. Because
the language of our Rule 36(b) is identical to the language of the Ohio
rule, the majority of the Court of Appeals similarly concluded that the
issue of whether a party has made a motion for withdrawal or amend-
ment of admissions is a matter to be decided by the trial court in its
discretion and that the trial court could have reasonably concluded
here that plaintiff moved the court to withdraw or amend the admis-
sions. We disagree. Without addressing or deciding the question of
whether a trial court has the discretion to determine whether a party
has made a "motion," we conclude that the trial court could not have
reasonably concluded that plaintiff made any motion in this case to
withdraw or amend her admissions. Further, it is clear from the
record on appeal that the trial court concluded that plaintiff had not
made any such motion in this case.

In the instant case, defendants presented the trial court with a
copy of the return receipt signed by plaintiff's husband and an affi-
davit of service, thereby raising a presumption that plaintiff received
the request for admissions. N.C.G.S. § 1A-1, Rules 4(j2)(2) and 5(b)

**GOINS v. PULEO**

[350 N.C. 277 (1999)]

(1997). Even though plaintiff denied receiving the request for admissions, she acknowledged that defendants had mailed the document to the correct address, and she made no attempt to rebut the presumption of receipt when questioned by the trial court. Therefore, we must presume that plaintiff was properly served with defendants' request for admissions. *Id.*

In the request for admissions, defendants requested that plaintiff admit: (1) all health care provided by defendants was in conformity with the applicable standards of medical care; (2) as of the date plaintiff instituted this action, neither she nor any attorney on her behalf had consulted with a medical expert who expressed an opinion that the care provided by defendants failed to conform to the applicable medical standards; and (3) as of the date plaintiff instituted this action, no expert witness had evaluated any medical records relating to the medical attention given plaintiff by defendants. The record reveals that plaintiff did not respond to the request. Moreover, plaintiff did not move the court, expressly or impliedly, to withdraw or amend her admissions. Rather, plaintiff merely denied receiving defendants' request for admissions; she never contested the substance of the request. The record further shows that the trial court did not in any manner undertake to allow plaintiff to withdraw or amend the admissions. Therefore, the facts are deemed admitted by plaintiff pursuant to Rule 36(a).

Whether to grant summary judgment was not a decision resting in the discretion of the trial court. Summary judgment is properly entered in favor of the moving party if the movant establishes that an essential element of the opposing party's claim is nonexistent. *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E.2d 355 (1985). One of the essential elements of a claim for medical negligence is that the defendant breached the applicable standard of medical care owed to the plaintiff. Because plaintiff's admission that defendants did not breach the applicable standard of medical care was before the trial court in the present case, the trial court was required to grant defendants' motion and enter an order of summary judgment in their favor.

The entry of summary judgment in favor of defendants in this case may appear to lead to a harsh result. Nevertheless, the Rules of Civil Procedure promote the orderly and uniform administration of justice, and all litigants are entitled to rely on them. Therefore, the rules must be applied equally to all parties to a lawsuit, without regard to whether they are represented by counsel.

For the foregoing reasons, we conclude that the trial court erred by entering the order denying summary judgment for defendants based upon plaintiff's admissions. Therefore, the decision of the Court of Appeals affirming that order, over Judge Martin's dissent, is reversed, and this case is remanded to the Court of Appeals for further remand to the Superior Court, Moore County, for entry of summary judgment for defendants.

REVERSED IN PART AND REMANDED.

Justice FRYE dissenting.

The law is clear that the trial court would not have erred by relying on plaintiff's default admissions and granting defendants' motion for summary judgment in this case. *See, e.g., Rahim v. Truck Air of the Carolinas, Inc.,* 123 N.C. App. 609, 473 S.E.2d 688 (1996); *Overnite Transp. Co. v. Styer,* 57 N.C. App. 146, 291 S.E.2d 179 (1982); *Rhoads v. Bryant,* 56 N.C. App. 635, 289 S.E.2d 637, *disc. rev. denied,* 306 N.C. 386, 294 S.E.2d 211 (1982). However, that is not the question this Court must decide. The sole question presented to this Court, by virtue of a division on the Court of Appeals' panel, is whether the trial court abused its discretion by denying defendants' motion for summary judgment based on plaintiff's failure to respond to the request for admissions. I would hold that the trial court did not abuse its discretion.

Rule 36(a), as the majority here correctly notes, provides that if a party fails to respond to a request for admission within thirty days after service of the request, or within such time as the court may allow, then the matter is deemed admitted. N.C.G.S. § 1A-1, Rule 36(a) (1990). The rule goes on to provide:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, *the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.*

N.C.G.S. § 1A-1, Rule 36(b) (emphasis added). The majority focuses on the first part of this section, which provides that any matter ad-

## GOINS v. PULEO

[350 N.C. 277 (1999)]

mitted is conclusively established unless the court "on motion" permits a withdrawal or amendment of the admission. However, the latter part of the rule, which concerns preservation of the merits of the action, must also be considered.

In this case, the first of defendants' three requests went to the central issue of whether defendants had violated the standard of care; this issue was obviously in dispute since it was the essence of plaintiff's lawsuit. I believe the trial court acted within its discretion in denying defendants' motion for summary judgment, in effect allowing plaintiff to withdraw her default admissions in order to "subserve" the merits of the case. Defendants do not argue that they would be prejudiced in maintaining their defense on the merits if the admissions were withdrawn. Defendants contend only that plaintiff did not make a "motion" to withdraw or amend her admissions, and therefore, the trial court had no choice but to rule against her on a motion for summary judgment.

"The North Carolina Rules of Civil Procedure are modeled after the federal rules. In most instances they are verbatim copies with the same enumerations." *Sutton v. Duke*, 277 N.C. 94, 99, 176 S.E.2d 161, 164 (1970) (citation omitted). This is certainly true of N.C. R. Civ. P. 36, which is virtually identical to the Federal Rule 36. Because the Federal Rules of Civil Procedure are the source of the North Carolina Rules of Civil Procedure, this Court has said that we will look to decisions under the federal rules "for enlightenment and guidance as we develop 'the philosophy of the new rules.' " *Id.* at 101, 176 S.E.2d at 165.

This Court should heed its own words and look to the body of case law pertaining to Federal Rule 36 for guidance in resolving the present issue. In *Kosta v. Connolly*, 709 F. Supp. 592 (E.D. Pa. 1989), the court reasoned as follows:

Defendants argue that because plaintiffs have not answered defendants' request for admissions, under F.R. Civ. P. 36(a) we should consider the statements admitted. . . . Accepting these statements in the requests for admission as conclusively proven facts, defendants argue that plaintiffs have admitted to violating [the statute].

*The purpose of F.R. Civ. P. 36(a) is to expedite trial by eliminating the necessity of proving undisputed and peripheral*

*issues. We should not employ the rule to establish facts which are obviously in dispute* or to answer questions of law.

In the case at bar, the question whether the plaintiffs violated the statute is neither undisputed nor peripheral. . . . Moreover, the question of plaintiffs' guilt is central to this case. If plaintiffs admitted to violating the statute, they would effectively resolve the disputed issues of selective enforcement, malicious prosecution, violation of constitutional rights, etc. *Clearly, that is not the plaintiffs' position, and Rule 36 is not intended to make it so.*

*Id.* at 594 (emphasis added) (citations omitted) (footnote omitted).

Likewise, in *Bergemann v. United States*, 820 F.2d 1117 (10th Cir. 1987), the court upheld the district court judge's discretion to deny a motion for partial summary judgment and give relief from an admission achieved by default. The court stated:

Bergemann's position in this court is basically that because the United States failed to answer the requests for admission . . . the United States, under Fed. R. Civ. P. 36(a), is deemed to have admitted that there was a common law marriage between Bergemann and Dunkle, and that such admission, under the circumstances of this case, is conclusive and continues to this date. We disagree.

. . . Bergemann's rejoinder to Rule 36(b) is that any withdrawal or amendment of an admission may only be "on motion," and that the United States did not file any motion.

We think Bergemann's argument is overly technical and does not recognize the reality of the situation. . . .

The district judge, after reflection and careful analysis of the matter, denied the motion for partial summary judgment, and, in so doing, necessarily granted the United States relief from any admission that there was a common law marriage between Bergemann and Dunkle. In this latter regard, *we find no abuse of discretion as Rule 36(b) permits withdrawal where it promotes a decision on the merits while not prejudicing the party who obtained the admission.* We find no prejudice in this case. Bergemann clearly knew defendants challenged the existence of a common law marriage. . . . The prejudice contemplated by Rule

now has to convince the jury of its truth. Something more is required.

*Id.* at 1120-21 (citations omitted) (emphasis added).

"The canon of interpretation of the Federal Rules is one of liberality, and it has been held in numerous decisions that the general policy of the Rules is to disregard technicalities and form and determine the rights of litigants on the merits." *Johnson v. Johnson*, 14 N.C. App. 40, 42, 187 S.E.2d 420, 421 (1972). We should not in this case elevate form over substance in the interpretation of North Carolina's rules, thereby depriving the trial court of the discretion to preserve the merits of a case, based on the lack of a "motion" by the *pro se* plaintiff where there is no evidence that the other party would suffer any prejudice in the presentation of its defense.

For the foregoing reasons, I respectfully dissent.