DEMETRISS GARNER, Plaintiff,
v.
SHERMAN H. CHEEK, Defendant.
No. COA09-214.
Court of Appeals of North Carolina.
Filed January 19, 2010.
This case not for publication
White & Stradley, LLP, by Robert P. Holmes for Plaintiff-Appellant.
Law Offices of Douglas F. DeBank, by Douglas F. DeBank for Defendant-Appellee.
BEASLEY, Judge.
Demetriss Garner (Plaintiff) appeals from the judgment amending a default judgment against Sherman Cheek (Defendant). For the reasons stated below, we affirm.
In March 2007, Plaintiff filed a complaint for damages against Defendant, alleging motor vehicle negligence. The complaint alleged that Defendant's truck collided with a vehicle in which Plaintiff was a passenger. Plaintiff also filed a First Request for Admissions to Defendant, requesting that Defendant admit the following, in pertinent part:
On March 16, 2006, a pick up truck owned and driven by [Defendant] collided with a car in which [Plaintiff] was a passenger.
The force of the collision was sufficient to cause injury to an occupant of the vehicle in which [Plaintiff] was a passenger.
[Defendant's] negligence proximately caused the collision.
[Defendant's] negligence proximately caused damages and injuries to [Plaintiff,] including those described . . . below.
The collision caused [Plaintiff] to incur medical treatment expenses.
The collision caused [Plaintiff] pain and suffering.
As a result of the collision, [Plaintiff] lost earning capacity.
[Plaintiff] has been damaged by the negligence of [Defendant] in the amount of thirty thousand dollars ("$30,000").
Defendant failed to timely answer or object to the Request for Admissions and Plaintiff filed a motion and affidavit for entry of default against Defendant in April 2007. In May 2007, the Clerk of Court, finding that Defendant had not filed an answer or any other pleading, entered default against Defendant.
On 4 March 2008, Plaintiff filed a motion for default judgment against Defendant. Defendant filed an answer and a motion to set aside entry of default on 17 March 2008, admitting negligence, but denying that Plaintiff had been damaged in the amount of $30,000.00. Defendant's motion to set aside entry of default was denied.
In October 2008, after a hearing held on Plaintiff's motion for default judgment, the trial court entered default judgment against Defendant for $30,000.00. Subsequently, Defendant filed a motion for a new trial, or in the alternative, for new findings of fact, conclusions of law, and entry of a new judgment, on the grounds that "the evidence presented at trial was insufficient to justify the amount of the Judgment, the Judgment is contrary to law and on further grounds that the Court committed errors in law at the trial[.]"
Following a hearing in connection with Defendant's October 2008 motion for a new trial or amended judgment, the trial court concluded that it was not bound by the admission that Plaintiff was damaged in the amount of $30,000.00, but had the discretion to award damages to Plaintiff in the amount established by the evidence. The trial court concluded that Plaintiff was injured and damaged by the negligence of Defendant in the amount of $7,500.00 and amended the default judgment accordingly. From this amended judgment, Plaintiff appeals.
Plaintiff's sole argument is that the trial court erred by awarding judgment less than $30,000.00 on the grounds that (1) Defendant admitted such damages by failure to timely answer or object to a request for admissions under Rule 36 of the North Carolina Rules of Civil Procedure and where (2) the trial court denied Defendant's motion to withdraw the admission. We disagree.
"The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." Cartin v. Harrison, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (internal quotation omitted). "The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary." Resort Realty of the Outer Banks, Inc. v. Brandt, 163 N.C. App. 114, 116, 593 S.E.2d 404, 408 (2004) (citation omitted).
Rule 36 of the North Carolina Rules of Civil Procedure provides for the following, in pertinent part:
(a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact[.] . . . Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . .
(b) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . .
N.C. Gen. Stat. § 1A-1, Rule 36(a) and (b) (2009). "The Comment to G.S. 1A-1, Rule 36 notes that in form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." Eury v. N.C. Employment Security Comm., 115 N.C. App. 590, 599, 446 S.E.2d 383, 388 (1994)(citing 2 K. Broun, Brandis & Broun on North Carolina Evidence, § 198, at 23 (4th Ed. 1993)) (internal quotations omitted).
In the present case, Defendant made a motion for a new trial or an amended judgment and the trial court held a hearing in November 2008. In response to his motion, the trial court held a hearing to gather testimony in order to determine if the $30,000.00 default judgment was supported by the evidence. Although under N.C. Gen. Stat. § 1A-1, Rule 36(b), "any matter" is conclusively established, the trial court reduced the default judgment for $30,000.00 to $7,500.00. In the amended judgment, the trial court found, in relevant part, that:
The original Judgment entered in this matter on October 15, 2008 was in the amount of $30,000.00 and was based on the court's conclusion that [D]efendant's failure to respond to [P]laintiff's Request for Admissions pursuant to Rule 36 of the Rules of Civil Procedure meant the admissions were binding on the court and that the court had no discretion in determining appropriate damages based on the evidence presented at the hearing. The court had denied [D]efendant's motion to withdraw the admissions at the close of [P]laintiff's evidence.
The admission at issue states that . . . "[Plaintiff] has been damaged by the negligence of [Defendant] in the amount of thirty thousand dollars ($30,000)."
[P]laintiff's total medical expenses were $2,626.71.
[P]laintiff did suffer pain as a result of the collision.
[P]laintiff did not suffer lost wages.
[P]laintiff suffered no permanent injury as a result of the collision.
The trial court concluded that, "having heard [P]laintiff's sworn testimony regarding . . . her injuries and damages and the court having reviewed the medical records and bills, concludes that [P]laintiff was injured and damaged by the negligence of [Defendant] in the amount of $7,500.00."
After reviewing the evidence, we find that Plaintiff's own evidence showed that she did not suffer $30,000.00 in damages. "The burden of proving damages is on the party seeking them. As part of its burden, the party seeking damages must show that the amount of damages is based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty." Olivetti Corp. v. Ames Business Systems, Inc., 319 N.C. 534, 547-48, 356 S.E.2d 578, 586 (1987) (citation omitted). Plaintiff's complaint alleged that she had been damaged by Defendant's negligence in the amount of $30,000.00. However, Plaintiff's own Request for Admissions included a "Medical Expense Sheet" that contained the total amount of medical expenses Plaintiff had to pay due to the automobile accident. Plaintiff listed $2,626.71 as the total amount of medical expenses she incurred.
Plaintiff argues that under Goins v. Puleo, 350 N.C. 277, 512 S.E.2d 748 (1999), "an admitted matter, even if dispositive of the case, is conclusively established when admitted through failure to respond to a Rule 36 request for admissions." Goins arises from a "plaintiff's claim of medical negligence against defendant health-care providers." Id. at 278, 512 S.E.2d at 749. The defendant requested that plaintiff "admit that all health care provided by all defendants was in conformity with the applicable standards of medical care." Id. The North Carolina Supreme Court held that because plaintiff did not respond to the request and because plaintiff did not move the court to withdraw or amend her admissions, that the admissions have become conclusively established facts in the case. Id. at 279-281, 512 S.E.2d at 750-751.
Although Plaintiff correctly characterizes Goins, the trial court in the present case did not err in determining that it had the discretion to amend the amount of damages awarded. "A judicial admission . . . is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence." Eury, 115 N.C. App. at 599, 446 S.E.2d at 389. (internal quotation omitted). Plaintiff's own evidence contradicted the amount of damages requested in her Request for Admissions. "It is within the trial court's discretion to determine the weight and credibility given to all evidence presented during a non-jury trial." State v. Ferrer, 170 N.C. App. 131, 137, 611 S.E.2d 881, 885 (2005). Therefore, the trial court determined, "having heard [P]laintiff's sworn testimony . . . regarding her injuries and damages and the court having reviewed the medical records and bills," that Plaintiff was injured in the amount of $7,500.00. It was within the trial court's discretion to determine the amount of damages based on the Plaintiff's medical expenses and pain suffered as a result of the collision. We conclude that the trial court's findings of fact are supported by competent evidence and that its conclusions of law are supported by its findings of fact. Based on the reasons stated above, the trial court's amended default judgment against Defendant is
Affirmed.
Judges STEPHENS and HUNTER, JR. concur.
Report per Rule 30(e).