LELAND DAVIS, Plaintiff,
v.
FRANK COOK and LORENE COOK, Defendants.
No. COA09-141.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Koehler & Cordes, PLLC, by Stephen D. Koehler, for plaintiff.
Defendants appeared pro se.
ELMORE, Judge.
Leland Davis (plaintiff) appeals from an order granting summary judgment to him. We affirm.
Plaintiff made two loans to Frank and Lorene Cook (defendants), in exchange for which defendants executed two promissory notes. The first loan, made on 15 April 1998, was in the amount of $3,500.00 with an interest rate, per the promissory note, of 25 percent per annum. The second loan, made on 23 November 1999, was in the amount of $50,000.00 and, in lieu of an interest rate, stated that "[t]he principal and fee shall be due and payable as follows: In ONE (1) balloon installment payment in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) due and payable on or before the 23rd day of November, 2000." Defendants made no payments on either loan, and plaintiff brought suit to enforce the notes.
In his complaint, filed on 20 August 2007, plaintiff stated the amounts due him as $11,436.80 for the first note and $772,677.46 for the second note. Both figures were calculated based on the interest and fee terms stated in the notes. Plaintiff also requested the "interest at the legal rate of eight (8%) percent per annum from and after date of entry of judgment until paid in full."
The court granted summary judgment to plaintiff and held as follows:
The court concludes as a matter of law that the maximum interest rate plaintiff may receive on the Promissory Notes in question, pursuant to N.C.G.S. §24-1.1, is sixteen percent (16%).
. . . [S]ummary judgment is granted in favor of plaintiff against defendant and that plaintiff have and recover of defendant as follows: the sum of $53,500.00 plus pre-judgment interest in the amount of $68,062.65 through September 8, 2008[,] and post-judgment interest at the legal rate thereafter until paid and attorneys['] fees in the amount of $16,860.94, together with the costs of this action.
Plaintiff now appeals.
Plaintiff makes several arguments to this Court regarding the summary judgment order. We consider each in turn.
First, plaintiff argues that all material issues of fact were resolved in his favor when defendants failed to respond to requests for admissions. Plaintiff is correct that failure to respond to requests for admissions results in the matters concerned being conclusively established as stated in the request. N.C. Gen. Stat. § 1A-1, Rule 36(a) (2007); Town of Chapel Hill v. Burchette, 100 N.C. App. 157, 162, 394 S.E.2d 698, 701 (1990). Plaintiff is incorrect, however, in stating that the admissions thus established constitute a basis on which summary judgment must have been granted in his favor.
The facts to which plaintiff points to support his argument essentially lay out the dates and terms of both promissory notes, a history of the litigation surrounding their enforcement, and calculations of how much defendants owe according to the terms of the notes. The trial court's order concluded as a matter of law, based on those facts, that the terms of the notes were not legally enforceable pursuant to N.C. Gen. Stat. § 24-1.1. Obviously, the trial court is not precluded from applying the law to the facts, regardless of how those facts were established. Thus, this argument is overruled.
Next, plaintiff seems to be making two alternative arguments: first, that the $50,000.00 "flat fee" described by the second note should have been assessed as part of the principal of the loan by the trial court  and thus the principal amount on which the trial court should have assessed interest was $103,500.00  or, in the alternative, that the trial court could not, per statute, invalidate either the interest provision on the first loan or the $50,000.00 "flat fee" on the second loan, the latter of which, plaintiff argues, is an interest provision translatable into an interest rate of 100 percent per annum. Neither argument is availing.
As to the first argument  that defendants "owed [plaintiff] the principal amount of $103,500.00[,]" and that the trial court erred in "reduc[ing] the amount of the principal to $53,500.00"  plaintiff offers no legal basis for his contention that the $50,000.00 fee should have been incorporated as part of the principal. He points only to the admissions made by defendants that, again, establish only the terms of the notes. As such, this argument is overruled.
As to plaintiff's second argument, we take each loan separately. The first loan, for $3,500.00, bore an interest rate of 25 percent. Because the amount loaned was less than $25,000.00, the maximum interest rate allowable under North Carolina law is 16 percent. N.C. Gen. Stat. § 24-1.1(a)(1), (c) (2007). Thus, plaintiff's argument that the trial court erred in assessing the interest rate on this note at 16 percent is in error.
The second loan, for $50,000.00, bore a fee of $50,000.00 rather than an interest rate. It is worth noting again that the note itself describes the loan as a loan of $50,000.00 plus a "flat fee" of $50,000.00; the term "ONE HUNDRED percent (100%)" does not occur in the note except in the terms governing the rate to be applied after default. Plaintiff argues that this loan is governed by N.C. Gen. Stat. § 24-1.1(a)(2), which allows "[a]ny rate agreed upon by the parties[,]" and thus, plaintiff argues, per N.C. Gen. Stat. § 24-9, the loan is not subject to a claim of defense of usury. This argument is irrelevant. Nothing in the trial court's order suggests that its holding was related to usury or based on N.C. Gen. Stat. § 24-9; indeed, the only statute specifically mentioned in the order is N.C. Gen. Stat. § 24-1.1. As such, plaintiff's argument is overruled.
Plaintiff's final argument is that the trial court miscalculated the attorney's fees owed him. This argument, however, is rooted in plaintiff's earlier contention that the trial court miscalculated the amount due him. See N.C. Gen. Stat. § 6-21.2 (2007) (stating that attorney's fees for any "evidence of indebtedness" are calculated as a maximum of 15 percent of the outstanding balance). As we have found the trial court's calculations correct, this argument is irrelevant.
Affirmed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).