J.M. PARKER & SONS, INC., Plaintiff v. WILLIAM BARBER, INC., WILLIAM BARBER, Individually, and WILLIAM BARBER, INC. CUSTOM HOME BUILDER, Defendants

No. COA10-333

(Filed 21 December 2010)

**1. Process and Service— requests for admissions—address listed in answer—service on new address known to counsel**

The trial court did not err by finding that plaintiff's requests for admissions were properly served where plaintiff's counsel served the requests at defense counsel's new address rather than the address on the answer and the requests for admissions were in the file when it was turned over to substitute counsel. The Court of Appeals declined to establish a rule that plaintiff must

**J.M. PARKER & SONS, INC. v. WILLIAM BARBER, INC.**

[208 N.C. App. 682 (2010)]

rely on the last listed address on a responsive filing rather than the last known address.

**2. Discovery— admissions—failure to answer requests— motion to amend denied—discretion of court**

The trial court did not abuse its discretion by denying defendants' N.C.G.S. § 1A-1, Rule 36(b) motion for amendment or withdrawal of admissions created by a failure to respond to plaintiffs' requests for admissions. Although defendants argued that their case may have been neglected by their original counsel and that plaintiff would not have been prejudiced by granting their motion, the trial court was given discretion to make a reasoned decision and did so here.

**3. Discovery— requests for admissions—not answered— admissions binding**

The trial court did not err by granting summary judgment for plaintiff on a claim for goods sold and delivered where defendants did not respond to requests for admissions and were bound by the resulting admissions. No assertion in an affidavit could overcome the conclusive effect of those admissions.

**4. Discovery— requests for admissions—not answered— motion to set aside—credibility of affiant**

The trial court did not impermissibly determine the credibility of a witness in an order denying defendants' Rule 36 motion to amend or withdraw admissions. There is no precedent barring the trial court from considering the credibility of affiants when making a discretionary ruling.

**5. Interest— prejudgment interest—agreement between parties**

The trial court did not err in an action to recover payment for goods sold and delivered by awarding prejudgment interest at the rate of eighteen percent based on an agreement between the parties to which defendants had judicially admitted.

Appeal by defendants from order entered 25 November 2009 and order dated 28 December 2009 by Judge William F. Fairley in Brunswick County District Court. Heard in the Court of Appeals 13 October 2010.

*Richard F. Green for plaintiff-appellee.*

*Marshall, Williams & Gorham, L.L.P., by John L. Coble and Matthew B. Davis, for defendants-appellants.*

BRYANT, Judge.

Where the trial court's findings of fact in a bench trial are supported by competent evidence, they will be affirmed, even if there is contrary evidence in the record. Where a trial court's denial of a motion for withdrawal or amendment of admissions under Rule 36 of the North Carolina Rules of Civil Procedure was the result of a reasoned decision, there was no abuse of discretion. In making such a discretionary decision, the trial court is free to consider the credibility of an affiant. Further, when facts are admitted pursuant to Rule 36, these facts are sufficient to support a grant of summary judgment. Finally, where parties have agreed to an applicable interest rate greater than eight percent in the event of late payments or past due accounts, the trial court does not err in awarding the specified rate of interest.

*Facts*

This case arises from the attempt by plaintiff J.M. Parker & Sons, Inc., to recover the principal amount of $71,662.79 for goods sold and delivered to defendants. On 15 November 2005, plaintiff filed a complaint against defendant William Barber, Inc., and William Barber, individually. An amended complaint, filed 13 February 2006, named "William Barber, Inc. Custom Home Builder" as an additional defendant. On 13 March 2006, defendants' counsel filed an answer admitting in part and denying in part plaintiff's allegations and asserting "mistake" as a defense. The answer listed defendants' counsel's address in Calabash, North Carolina. No other action or filing in the case by either party occurred until 26 April 2007, when plaintiff mailed the first of two sets of requests for admissions to defendants' counsel at an address in Shallotte, not to the Calabash address listed on defendants' 13 March 2006 answer. Defendants never responded. On 22 May 2008, plaintiff filed for partial summary judgment, relying on the unanswered requests for admissions. Plaintiff mailed a copy of this motion to defendants' counsel at the Shallotte address. On 10 December 2008, plaintiff moved for full summary judgment, again mailing a copy of the motion to defendants at the Shallotte address. On 11 September 2009, plaintiff served notice of motion on defendants, noticing a hearing calendared for 16 November 2009. The 11

**J.M. PARKER & SONS, INC. v. WILLIAM BARBER, INC.**

[208 N.C. App. 682 (2010)]

September 2009 notice was mailed to defendants' counsel at the Shallotte address, to defendant's registered agent at a different Shallotte address and to defendants William Barber, Inc., and William Barber, individually, at addresses in Little River. At this point, defendants' counsel notified defendants that he was no longer practicing law and suggested they obtain substitute counsel. By motion dated 6 November 2009, defendants, through substitute counsel, moved the trial court to allow them to respond to plaintiff's requests for admissions, asserting that they had never received the requests mailed to the Shallotte address and that plaintiff would not be prejudiced by same.

On 16 November 2009, the trial court heard plaintiff's motion for summary judgment and defendants' motion for permission to respond to plaintiff's requests for admissions. The trial court then denied defendants' motion by order entered 25 November 2009, and by order dated 28 December 2009, the trial court granted summary judgment to plaintiff on all claims. From the November and December 2009 orders, defendants appeal.

---

On appeal, defendants presents five arguments: that the trial court (I) erred in finding plaintiff's requests for admissions were properly served; (II) abused its discretion in denying defendants' motion for permission to respond to plaintiff's requests for admissions; (III) erred in granting summary judgment to plaintiff because genuine issues of material fact existed; (IV) impermissibly determined the credibility of a witness; and (V) awarded interest at an impermissible rate.

### Standards of Review

On appeal from a bench trial, our standard of review is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (citation omitted), *disc. review denied*, 354 N.C. 365, 556 S.E.2d 577 (2001). We review a trial court's decision to allow a motion for withdrawal or amendment of admissions under Rule 36 for abuse of discretion. *Eury v. North Carolina Employment Sec. Comm'n*, 115 N.C. App. 590, 603, 446 S.E.2d 383, 391, *disc. review denied*, 338 N.C. 309, 451 S.E.2d 635 (1994). We review a trial court's grant of summary judgment de novo. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

*I*

**[1]** Defendants argue that the trial court erred in finding plaintiff's requests for admissions were properly served. We disagree.

Rule 5 of the North Carolina Rules of Civil Procedure governs service and filing of pleadings and other papers. N.C. Gen. Stat. § 1A-1, Rule 5 (2009). Under Rule 5, with regard to a request for admissions, "service upon the attorney or upon a party may also be made by delivering a copy to the party or by mailing it to the party at the party's last known address or, if no address is known, by filing it with the clerk of court." N.C.G.S. § 1A-1, Rule 5(b). "Adequacy of notice is a question of law." *Barnett v. King*, 134 N.C. App. 348, 350, 517 S.E.2d 397, 399 (1999). In *Barnett*, we held that

> [w]here a defendant, especially one acting *pro se*, provides a mailing address in a document filed in response to a complaint and serves a copy of that filing on opposing counsel, he or she should be able to rely on receiving later service at that address; by the same token, opposing counsel (or a *pro se* party) *may* also rely on that address for service of all subsequent process and other communications until a new address is furnished.

*Id.* at 351, 517 S.E.2d at 400 (emphasis added).

Defendants contend that *Barnett* is dispositive of this case, arguing that case stands for the proposition that, "where a defendant lists a mailing address in a responsive pleading filed with the court, that address is the defendant's service address for Rule 5 purposes and continues as such until the defendant provides notice of a new address." We believe this is a misreading of *Barnett*, and of the logic and intent behind that decision. In *Barnett*, the plaintiff served her complaint on the defendant at a Pinebluff street address. *Id.* Subsequently, the *pro se* defendant filed a responsive pleading which listed a post office box address. *Id.* Thereafter, the plaintiff mailed notice of a hearing on a motion for default to the defendant's Pinebluff street address, but the following day mailed a motion to the defendant's post office box address. *Id.* Thus, the plaintiff was aware of a new, correct address for the defendant, and used it for some mailings, but continued to use an older address for other mailings. "Nevertheless, [the] plaintiff contend[ed] that as of [the service of notice of the hearing], approximately four months after defendant filed his statement, [the] defendant's Pinebluff street address was his 'last known address.' " *Id. Barnett* stands for the proposition that one

party may not serve a second party at its previous address once the second party provides an updated address in a more recent court filing. This is not the factual situation presented in the case before us.

Here, plaintiff acknowledges that the Calabash address for defendants' attorney appeared on defendants' answer filed 13 March 2006. More than a year later, in April 2007, plaintiff served its first request for admissions at the Shallotte address instead. At the motions hearing, plaintiff's trial counsel explained that he was personally aware that defendants' counsel had moved his law offices from Calabash to Shallotte shortly after the answer was filed, a contention not disputed by defendants' substitute counsel or any document in the record on appeal. At the hearing, substitute counsel admitted that plaintiff's first set of requests for admissions had been received by original counsel, although substitute counsel was not aware of whether the second set of requests for admissions or the motions for summary judgment were received by defendants' original counsel. Thus, the facts before the trial court tended to show that defendants' counsel had moved and changed addresses, plaintiff's counsel was aware of this fact and located defense counsel's new address, plaintiff's counsel served the requests for admissions at the new address, and defense counsel actually received the requests for admissions.

Thus, unlike *Barnett*, where the plaintiff was made aware of a new address for the defendant and in fact used it for some mailings, but then ignored it to use an older, out-of-date address, here, plaintiff's counsel was made aware that defendant's old address was no longer correct and undertook efforts to determine a new, accurate address. Defendants' original counsel received the mailing, as the first set of requests for admissions was in defendants' file when it was turned over to substitute counsel. Defendants would have us establish a rule that plaintiffs must rely on the last *listed* address on a responsive filing, as opposed to the last *known* address, despite the passage of a long period of time and knowledge that the address was no longer correct, and excuse a party's failure to respond to requests for admissions that were in fact received by its counsel of record. We decline to do either and affirm the trial court's ruling that the requests for admissions were properly served. This argument is overruled.

## II

**[2]** Defendants next argue the trial court abused its discretion in denying defendants' Rule 36(b) motion. We disagree.

J.M. PARKER & SONS, INC. v. WILLIAM BARBER, INC.

[208 N.C. App. 682 (2010)]

Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted under Rule 36 of the North Carolina Rules of Civil Procedure. *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 162, 394 S.E.2d 698, 701 (1990); *see also* N.C. Gen. Stat. § 1A-1, Rule 36(a) (2009) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . ."). Rule 36 "means precisely what it says [i.e.,] [i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." *Burchette*, 100 N.C. App. at 162, 394 S.E.2d at 701 (internal quotation marks and citation omitted). Failure to do so means that the facts in question are judicially established. *Id.* Subsection (b) provides, in pertinent part:

> (b) Effect of admission.—*Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

N.C.G.S. § 1A-1, Rule 36 (emphasis added).

Thus, under Rule 36(b), a trial court has discretion to allow a motion for withdrawal or amendment of such admissions. *Eury*, 115 N.C. App. at 603, 446 S.E.2d at 391. We have held that "in the exercise of that discretion [the trial court is] not required to consider whether the withdrawal of the admissions would prejudice [a party] in maintaining its action." *Interstate Highway Express v. S & S Enterprises, Inc.*, 93 N.C. App. 765, 769, 379 S.E.2d 85, 87 (1989).

Defendants contend that the trial court abused its discretion by ignoring the fact that defendants' case may have been neglected by their original trial counsel. However, defendants' substitute counsel fully informed the trial court of the alleged actions and inactions of their original trial counsel. Defendants also assert that plaintiff would not have been prejudiced by the allowance of their motion because

the longevity of the case, which the trial court mentioned in its denial of the motion, was the result of plaintiff's actions. However, neither of defendant's contentions, even if true, would demonstrate that the trial court's decision was "manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980). The trial court is not required to allow amendment or withdrawal under Rule 36 where the other party is not prejudiced, nor must the trial court weigh evidence or arguments in any particular way. The trial court was given discretion to make a reasoned decision and here, after hearing the arguments of the parties, it did so. Defendants are unable to cite any case where an analogous trial court decision under Rule 36 has been reversed as an abuse of discretion, and we are likewise unable to find one. Defendants' arguments on this issue are overruled.

*III*

**[3]** Defendants next argue that the trial court erred in granting summary judgment to plaintiff. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c). Thus, "[o]n appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). "Evidence presented by the parties is viewed in the light most favorable to the non-movant." *Id.* (citation omitted).

Here, defendants' 13 March 2005 answer to plaintiff's amended complaint specifically denies the allegations in the amended complaint stating that defendant William Barber, Inc., is a South Carolina corporation doing business in Brunswick County, North Carolina. However, the two requests for admissions, to which defendants failed to respond assert that defendants bought and received certain goods from plaintiff and then failed to pay for them. The requests for admissions further state that there were no defenses available to defendants in the action. Because defendants failed to timely respond to these requests, the statements they contain were "conclusively established" pursuant Rule 36 as discussed above in section II.

"Facts that are admitted under Rule 36(b) are sufficient to support a grant of summary judgment." *Goins v. Puleo*, 350 N.C. 277, 280, 512 S.E.2d 748, 750 (1999) (citing *Rhoads v. Bryant*, 56 N.C. App. 635, 637, 289 S.E.2d 637, 639, *disc. review denied*, 306 N.C. 386, 294 S.E.2d 211 (1982)). A judicial admission "is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence." *Eury*, 115 N.C. App. at 599, 446 S.E.2d at 389. In *Rhoads*, we held that a "[p]laintiff's affidavit opposing summary judgment does not overcome the conclusive effect of her previous admissions, and, therefore, no issue of fact is raised by [any assertions therein]." 56 N.C. App. at 637-38, 289 S.E.2d at 639. Similarly, here, defendants are bound by their Rule 36 admissions, and no assertions in defendant William Barber's affidavit can overcome the conclusive effect of defendants' previous Rule 36 admissions. Therefore, defendants cannot raise an issue of fact which would support denial of summary judgment to plaintiff. Defendants' argument is overruled.

## IV

[4] Defendants also argue the trial court impermissibly determined the credibility of a witness. We disagree.

In the trial court's 25 November 2009 order denying defendants' Rule 36 motion, it made the following finding:

5. That the Answer filed for the defendants specifically admits that materials were sold by the plaintiff during the time alleged in the complaint to the defendant William Barber, Inc. Custom Home Builder on the open account alleged in the complaint but the same matter is denied in the affidavit of William Barber filed in support of defendants' motion to be allowed to file answer to the Requests for Admission and that this conflict raises grave doubts about the credibility of the affiant, William Barber, particularly as to those assertions contained in paragraphs 2 and 4 of his affidavit which the Court finds lack credibility[.]

Defendants argue that the trial court erred in passing on Defendant William Barber's credibility, citing *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 655, 268 S.E.2d 190, 193-94 (1980) ("[I]f there is any question as to the credibility of affiants in a *summary judgment motion* or if there is a question which can be resolved only by the weight of the evidence, summary judgment should be denied.") (emphasis added). However, *Lease-Afex, Inc.* is inapposite, as the trial court's finding quoted above and challenged by defendants'

comes from its order denying defendants' Rule 36 motion, not from the 28 December 2009 order granting summary judgment to plaintiff. As discussed above in section II, the trial court's Rule 36 decision was discretionary, and it was bound only to make a non-arbitrary and reasoned decision. Finding 5 is part of the trial court's explanation for denying defendants' Rule 36 motion, i.e., explaining the reasoning behind its decision. We know of no case in this State barring a trial court from considering the credibility of affiants when making a *discretionary* ruling. In contrast, defendants point to nothing in the trial court's order granting summary judgment that suggests it considered or passed on any witness's credibility in making that ruling. Indeed, given defendants' judicial admissions to every relevant fact in the case, there were no issues of fact and, thus, there was no need for anyone's credibility to be evaluated in the ruling on summary judgment. This argument is overruled.

*V*

**[5]** Defendant argues that the trial court erred in awarding interest at an impermissible rate. We disagree.

"The legal rate of interest shall be eight percent (8%) per annum for such time as interest may accrue, and no more." N.C. Gen. Stat. § 24-1 (2009). "Interest is to be assessed at the legal rate of 8 percent, [citing N.C.G.S. § 24-1], unless the parties have provided otherwise by agreement, in which event the agreement shall prevail." *Barrett Kays & Assocs. v. Colonial Bldg. Co.*, 129 N.C. App. 525, 529, 500 S.E.2d 108, 112 (1998) (citation omitted). Here, the trial court awarded plaintiff prejudgment interest at an annual rate of eighteen percent from 26 October 2005; post-judgment interest was awarded at the legal rate thereafter. This award of eighteen percent was based on the agreement between the parties, an agreement which defendants have judicially admitted under Rule 36. This argument is without merit.

Affirmed.

Judges STEELMAN and ERVIN concur.