Islet Scis., Inc. v. Brighthaven Ventures LLC, 2018 NCBC 84.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 15 CVS 16388 |

ISLET SCIENCES, INC.,

        Plaintiff,

    v.

BRIGHTHAVEN VENTURES LLC,
JAMES GREEN, and WILLIAM
WILKISON,

        Defendants,

and

BRIGHTHAVEN VENTURES LLC,

        Third-Party Plaintiff,

    v.

JOHN F. STEEL, IV, EDWARD T.
GIBSTEIN, and COVA CAPITAL
PARTNERS, LLC,

        Third-Party Defendants.

**OPINION AND ORDER ON THIRD-PARTY DEFENDANTS EDWARD T. GIBSTEIN AND COVA CAPITAL PARTNERS, LLC'S MOTION TO WITHDRAW OR AMEND ADMISSIONS AND BRIGHTHAVEN VENTURES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THIRD-PARTY DEFENDANTS JOHN F. STEEL, IV, EDWARD T. GIBSTEIN, AND COVA CAPITAL PARTNERS, LLC**

THIS MATTER comes before the Court on Third-Party Defendants Edward T. Gibstein and COVA Capital Partners, LLC's Motion to Withdraw or Amend Admissions ("Motion to Withdraw or Amend"; ECF No. 152) and on Brighthaven Ventures LLC's Motion for Partial Summary Judgment Against Third-Party Defendants John F. Steel, IV, Edward T. Gibstein, and COVA Capital Partners, LLC ("Motion for Partial Summary Judgment"; ECF No. 140) (collectively, "Motions").

THE COURT, having considered the Motions, the briefs in support of and in opposition to the Motions, the evidence submitted with the briefs, the arguments of counsel at the hearing, and other appropriate matters of record, concludes that the

Motion to Withdraw or Amend should be DENIED, and the Motion for Partial Summary Judgment should be GRANTED, for the reasons set forth below.

*Jerry Meek PLLC, by Gerald F. Meek for Third-Party Plaintiff Brighthaven Ventures LLC.*

*Everett Gaskins Hancock, LLP, by James M. Hash, and Simon Taylor (pro hac vice) for Third-Party Defendants Edward T. Gibstein and COVA Capital Partners, LLC.*

*John F. Steel, IV, pro se.*

McGuire, Judge.

### FACTS AND PROCEDURAL BACKGROUND

1.    While findings of fact are not necessary or proper on a motion for summary judgment, "it is helpful to the parties and the courts for the trial judge to articulate a summary of the material facts which he considers are not at issue and which justify entry of judgment." *Collier v. Collier*, 204 N.C. App. 160, 161–62, 693 S.E.2d 250, 252 (2010). Therefore, the Court limits its recitation to the undisputed facts necessary to decide the Motions and not to resolve issues of material fact.

2.    This action arises out of a dispute between Plaintiff Islet Sciences, Inc. ("Islet"), on the one hand, and Defendants Brighthaven Ventures LLC ("BHV"), and BHV's owners James Green ("Green") and William Wilkison ("Wilkison"), on the other. Islet is a biotechnology company "engaged in research, development, and commercialization" of medications to treat metabolic diseases. (First Am. Compl., ECF No. 41, Ex. A, at ¶ 12.) BHV is in the business of developing pharmaceutical products, including a new medication called "Remogliflozin" or "Remo" to treat type 2 diabetes. (*Id.* at ¶ 13.) BHV executed a license with Kissei Pharmaceuticals in

Japan granting BHV the exclusive worldwide rights to Remo, excluding the territory of Japan. (*Id.* at ¶ 14.)

3. In September 2013, Islet, through its investment banker COVA Capital Partners ("COVA") and its "principal" and CEO Edward T. Gibstein ("Gibstein"), approached Green and Wilkison to ask them to join Islet's management team and to jointly develop Remo. (*Id.* at ¶¶ 16–17.) Islet's board approved Green as CEO and Wilkison as COO of Islet on October 25, 2013, and the parties began to negotiate a license of Remo from BHV to Islet and subsequently a potential merger of BHV into Islet. (*Id.* at ¶¶ 18, 21–22.) The merger fell through, and Islet claims that after terminating the merger agreement, "Green and Wilkison forced Islet to enter into a license agreement" for the rights to Remo. (*Id.* at ¶¶ 55, 57.) Islet also claims that Green and Wilkison, because of their roles in both Islet and BHV, were using their "positions of trust as officers and directors of [Islet] for their own improper benefit to the detriment of Islet and its shareholders." (*Id.* at ¶ 1.)

4. Islet filed a Complaint in Wake County asserting claims against BHV, Green, Wilkison, Ofsink LLC, and Darren Ofsink.[1] (ECF No. 1.) The parties jointly moved to amend Islet's Complaint on April 19, 2016 and attached a proposed First Amended Complaint to the motion. (ECF No. 41.) The Court granted the motion to amend on April 20, 2016. (ECF No. 42.) The First Amended Complaint alleges, in relevant part: a claim against Green and Wilkison for breach of fiduciary duty; a claim against BHV for aiding and abetting breach of fiduciary duty; and claims against all

---

[1] Islet later dismissed without prejudice all claims against Ofsink LLC and Darren Ofsink. (ECF No. 93.)

defendants for constructive fraud, unjust enrichment, and constructive trust. (ECF No. 41, Ex. A at ¶¶ 89–128.)

5. On February 19, 2016, BHV filed its Answer, Counterclaims, and Third-Party Complaint. (ECF No. 17.) In the Third-Party Complaint, BHV asserts claims against John F. Steel, IV ("Steel," who was Islet's largest shareholder and former Chairman, CEO, and President) and Gibstein for tortious interference with contract, alleging that Steel and Gibstein "effectively eliminate[d] Islet's ability to raise the capital required by the [license agreement]" in order to protect Steel's shares from dilution and to ensure that Gibstein could earn a commission on funds raised for Islet. (Counterclaims, ECF No. 17, at ¶¶ 3, 7, 13, 28; Third-Party Complaint, ECF No. 17, at ¶¶ 5–9.) BHV also asserts a claim for breach of contract against COVA because COVA had allegedly disclosed BHV's confidential information in violation of a Mutual Nondisclosure Agreement signed by BHV and COVA. (Third-Party Complaint, ECF No. 17, at ¶ 16–19.)

6. Steel, Gibstein, and COVA (collectively, the "Third-Party Defendants") were initially represented by McGuire Woods LLP ("McGuire Woods"). However, on May 15, 2017, the Court allowed McGuire Woods to withdraw as counsel for the Third-Party Defendants. (ECF No. 118.) The Third-Party Defendants did not immediately retain new counsel.

7. On December 23, 2017, BHV served on each of the Third-Party Defendants its First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions. (ECF No. 141.1.)

8.    BHV's First Request for Admissions served upon Steel and Gibstein

sought the admission of the following matters:

> 1. Admit that a valid and enforceable exclusive license agreement existed between BHV and Islet Sciences, Inc., pursuant to which BHV would license to Islet Sciences, Inc. certain rights to remogliflozin etabonate (hereinafter the "Exclusive License Ageement"). . . .
>
> 3. Admit that you had knowledge of the Exclusive License Agreement.
>
> 4. Admit that you attempted to prevent Islet Sciences, Inc. from raising the capital required to meet the Effectiveness Condition.
>
> 5. Admit that you filed a petition in Nevada (hereinafter the "Nevada action") to enjoin Islet Sciences, Inc. from taking any actions outside the ordinary course of business. . . .
>
> 11. Admit that you engaged in activities designed to interfere with the Exclusive License Agreement.
>
> 12. Admit that your interference with the Exclusive License Agreement was motivated by a desire to advance your own personal interests, rather than those of Islet Sciences, Inc.
>
> 13. Admit that you intentionally and maliciously induced Islet Sciences, Inc. not to perform its obligations under the Exclusive License Agreement.
>
> 14. Admit that, in inducing Islet Sciences, Inc. not to perform its obligations under the Exclusive License Agreement, you acted without justification.
>
> 15. Admit that BHV suffered actual damages as a result of your efforts to induce Islet Sciences, Inc. not to perform its obligations under the Exclusive License Agreement.

(ECF Nos. 141.2 and 141.3.) Steel responded to the First Set of Interrogatories and First Request for Production of Documents, but he did not respond to the First Set of Request for Admissions. Gibstein did not respond to any of BHV's discovery requests. (Br. Supp. Mot. Partial Summ. J. Against Third-Party Defs., ECF No. 141, at p. 4.)

9. BHV's First Request for Admissions served upon COVA sought the admission of the following matters:

> 1. Admit that, on September 10, 2013, BHV and COVA entered into a valid and enforceable Mutual Nondisclosure Agreement (hereinafter, the "Mutual Nondisclosure Agreement"), pursuant to which COVA agreed not to disclose any "Confidential Information" of BHV to any third-party for two years after receiving such information.
>
> 2. Admit that BHV has complied with all of the obligations imposed upon it by the Mutual Nondisclosure Agreement.
>
> 3. Admit that COVA disclosed Confidential Information (as defined in the Mutual Nondisclosure Agreement) without the consent of BHV.
>
> 4. Admit that COVA breached the Mutual Nondisclosure Agreement.
>
> 5. Admit that BHV has suffered actual and consequential damages as a result of COVA's breach of the Mutual Nondisclosure Agreement.

(ECF No. 141.7.) COVA did not respond to the First Request for Admissions.

10. On February 23, 2018, BHV filed the Motion for Partial Summary Judgment. BHV moved for partial summary judgment in its favor on the issue of liability as to the following claims: BHV's claim for tortious interference with contract against Steel and Gibstein, and BHV's claim for breach of contract against COVA. (ECF No. 140, at pp. 1–2.)

11.     On March 22, 2018, attorney James M. Hash made an appearance on behalf of Gibstein and COVA.  (ECF No. 148.)  On May 21, 2018, attorney Simon Taylor was admitted *pro hac vice* to represent Gibstein and COVA.  (ECF No. 162.) Steel has not retained counsel and continues to represent himself pro se.

12.     On April 25, 2018, Gibstein and COVA filed their response in opposition to the Motion.  (ECF No. 151.)  On the same day, Gibstein and COVA also filed a Motion to Withdraw or Amend, requesting that Gibstein and COVA's admissions to the First Request for Admission be withdrawn or amended and that they be permitted to serve responses to the First Request for Admission.  (ECF No. 152.)[2]

13.     On behalf of Gibstein and COVA, Hash also initiated a telephone conference under Business Court Rule 10.9 on May 9, 2018 regarding the request to withdraw or amend Gibstein and COVA's admissions.  The Court held the telephone conference on May 17, 2018.

14.     On May 7, 2018, BHV filed a reply in support of the Motion for Partial Summary Judgment.  (ECF No. 154.)  BHV also filed a response to Gibstein and COVA's Motion to Withdraw or Amend on May 15, 2018.  (ECF No. 156.)  Gibstein and COVA did not file a reply in support of their Motion to Withdraw or Amend.

15.     On May 24, 2018, the Court held a hearing on the Motion for Partial Summary Judgment.[3]   The Motions are now ripe for review.

---

[2] Steel has not responded to the Motions or filed any other motions with the Court.

[3] The Court did not take up the Motion to Withdraw or Amend at the hearing, having addressed the relevant issue at the telephone conference of May 17, 2018.

ANALYSIS

A.    *Gibstein and COVA's Motion to Withdraw or Amend Admissions*

16.    Gibstein and COVA move to withdraw or amend all admissions "established against them for their failure to timely respond to Third-Party Plaintiff's First Request for Admissions." (ECF No. 152, at p. 1.)  They also attached a set of proposed responses to the First Request for Admissions to the Motion to Withdraw or Amend.

17.    In support of their Motion to Withdraw or Amend, Gibstein and COVA state that "[t]he presentation of the merits of this action will be subserved by the withdrawal or amendment of the admissions resulting from the Third-Party Defendants' failure to timely respond to the First [Request for Admissions], and [BHV] would not be prejudiced in any respect in maintaining its action on the merits by such a withdrawal or amendment." (*Id.* at p. 2.)

18.    A trial court has discretion to allow a withdrawal of an admission upon a party's motion under N.C. Gen. Stat. § 1A-1, Rule 36(b) (hereinafter, "Rules"). *See* Rule 36(b) ("[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action . . . ."); *Taylor v. Abernathy*, 149 N.C. App. 263, 269–70, 560 S.E.2d 233, 237 (2002).

19.    The Court disagrees that BHV would not be prejudiced by such a withdrawal or amendment.  Although Gibstein acknowledged the receipt of the First

Request for Admissions in an e-mail to the Court, Gibstein failed to respond to any of the discovery requests. (ECF No. 141, at p. 4.) Furthermore, the Motion to Withdraw or Amend was filed four months after the responses were due under Rule 36 and two months after the Motion for Partial Summary Judgment was filed. This delay has already prejudiced BHV.

20. The Court recognizes that Gibstein and COVA were unrepresented by counsel at the time that the First Request for Admissions was served. However, the Court has on numerous occasions advised Gibstein and COVA of the complex nature of business cases and of the fact that hiring an attorney would be in Gibstein's best interests and is mandatory as to COVA's involvement in this action. Gibstein and COVA waited until nearly four months after the requests were due to heed the Court's advice and retain an attorney, and the Court is therefore not sympathetic to the predicament in which they find themselves as a result of their delay. Therefore, in its discretion, the Court DENIES Gibstein and COVA's Motion to Withdraw or Amend.

B. *BHV's Motion for Partial Summary Judgment*

21. BHV moves for partial summary judgment in its favor as to liability only on its claims for tortious interference with contract (against Gibstein and Steel) and breach of contract (against COVA), based on the Third-Party Defendants' failure to timely respond to BHV's First Request for Admissions. BHV argues that the Third-Party Defendants' failure to respond means that the facts in question are deemed judicially admitted, and the facts that have been judicially admitted in this case

establish each element of BHV's claims against the Third-Party Defendants except as to the exact amount of damages BHV may recover.  (ECF No. 141, at p. 5.)

22.     Under Rule 36(a), "[a] matter is admitted unless, within 30 days after service of the request [for admission] . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . ." Rule 36(a).

23.     "In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 162, 394 S.E.2d 698, 701 (1990).  "Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted under Rule 36 . . . ." *J.M. Parker & Sons, Inc. v. William Barber, Inc.*, 208 N.C. App. 682, 688, 704 S.E.2d 64, 68 (2010).  Facts admitted under Rule 36(b) are "sufficient to support a grant of summary judgment." *Id.* at 690, 704 S.E.2d at 69.  A judicial admission "is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence." *Id.*

24.     Gibstein and COVA never responded to any of the discovery requests, including BHV's First Request for Admissions.  Steel responded via e-mail to BHV's First Set of Interrogatories and First Request for Production of Documents, but he did not respond to BHV's First Request for Admissions.  The law in North Carolina is clear that the Third-Party Defendants' failure to respond to the First Request for

Admissions means that the facts in question in the First Request for Admissions are deemed judicially admitted.

25.    Nonetheless, Gibstein and COVA argue that "the record in this case, including the pleadings and affidavits on file . . . reflects that there are genuine issues of material fact that preclude summary judgment." (ECF No. 151, at p. 2.) They point to several instances in the record, including Gibstein and COVA's unverified answer to the Third-Party Complaint, that Gibstein and COVA argue relate to the claims against them and present issues of material fact. Unverified information or evidence in the record, however, cannot supersede judicially admitted facts. *See, e.g.*, *Rhoads v. Bryant*, 56 N.C. App. 635, 637–38, 289 S.E.2d 637, 639 (1982) ("Plaintiff's affidavit opposing summary judgment does not overcome the conclusive effect of her previous admissions, and, therefore, no issue of fact is raised by [the affidavit]."); *Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 285, 616 S.E.2d 349, 352 (2005) ("Defendants' contention that an unverified answer to a complaint is the same as a response to a request for admissions that contains matters 'identical' to the allegations in the complaint, contravenes the express purpose of Rule 36. Rule 36 means exactly what it says. In order to avoid having requests deemed admitted, a party must respond within the specified time period.") (internal citations omitted).

26.    Having found that the facts in question are judicially admitted, the Court must now evaluate whether the admitted facts sufficiently support summary judgment on all of BHV's claims against the Third-Party Defendants. Although some of the elements of BHV's claims require both legal and factual showings, admitted

facts can be sufficient to support these mixed elements of law and fact. *See* Rule 36(a) ("A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact *or of the application of law to fact* . . . .") (emphasis added); *Goins v. Puleo*, 350 N.C. 277, 281, 512 S.E.2d 748, 751 (1999) (finding that the judicially admitted facts supported the legal and factual conclusion that the defendant doctors committed medical negligence).

27. BHV first moves for summary judgment on the issue of liability on its claim for tortious interference with contract against Gibstein and Steel. In order to prove a claim for tortious interference with contract, a plaintiff must show "(1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff." *United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988).

28. BHV's First Request for Admissions served upon Steel and Gibstein, which are now judicially admitted, directly support each element of a tortious interference with contract claim. The admitted facts show that there was a valid contract (the license agreement) between BHV and Islet; that Steel and Gibstein had knowledge of the contract; that Steel and Gibstein intentionally induced Islet to not perform under the contract and did so without justification; and that BHV suffered

damages as a result of the interference. (ECF Nos. 141.2 and 141.3.) Because Steel and Gibstein have admitted every element of BHV's claim for tortious interference with contract, BHV's Motion for Partial Summary Judgment on its claim for tortious interference with contract against Steel and Gibstein on the issue of liability should be GRANTED.

29. BHV also moves for summary judgment on the issue of liability on its claim for breach of contract against COVA. In order to prove a claim for tortious interference with contract, a plaintiff must show "(1) [the] existence of a valid contract and (2) breach of the terms of [the] contract." *McLamb v. T.P. Inc.*, 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005).

30. BHV's First Request for Admissions served upon COVA, which are now judicially admitted, also directly support each element of a breach of contract claim. The admitted facts show that there was a valid contract (the Mutual Nondisclosure Agreement) between BHV and COVA and that COVA breached the contract by disclosing confidential information. (ECF No. 141.7.) Because COVA has admitted both elements of BHV's claim for breach of contract, BHV's Motion for Partial Summary Judgment on its claim for breach of contract against COVA on the issue of liability should be GRANTED.

THEREFORE, IT IS ORDERED that:

31. Gibstein and COVA's Motion to Withdraw or Amend Admissions is DENIED.

32.     BHV's Motion for Partial Summary Judgment Against Third-Party Defendants John F. Steel, IV, Edward T. Gibstein, and COVA Capital Partners, LLC is GRANTED.

SO ORDERED, this the 16th day of August, 2018.


                                        /s/ Gregory P. McGuire
                                        Gregory P. McGuire
                                        Special Superior Court Judge for
                                        Complex Business Cases