ARROWOOD, Judge.
Wanda Stathum-Ward ("plaintiff") appeals from judgment entered in favor of Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter Store #5254, Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Stores Texas, LLC (together "defendants"), and from order denying her motion for a new trial. For the following reasons, we find no error.
I. Background
Plaintiff initiated this negligence action against defendants on 11 July 2016. Plaintiff alleged in her complaint that she was injured by the negligence of defendants when she slipped on an oily substance in defendants' Walmart Supercenter Store in Wake Forest (the "store"). Defendants responded by filing an answer, motion, and defenses on 10 August 2016. A final pre-trial conference was held on 7 August 2017 and an order on final pretrial conference was filed. During the pretrial conference, the parties agreed that separation of the issues of liability and damages was feasible in this case and the trial court filed an order to bifurcate the trial on 8 August 2017.
The matter was tried in Wake County Superior Court before the Honorable Richard A. Baddour, Jr., beginning on 8 August 2017. The evidence at trial tended to show that plaintiff and a friend went into the store on 14 September 2013 to purchase a card. While in the store, plaintiff slipped and was caught by her friend before she fell to the ground. Plaintiff reported the incident to an employee who called for a manager. An assistant store manager responded and had plaintiff fill out a customer statement. Plaintiff reported on the customer statement that there was something greasy along with food particles on the floor where she slipped. Plaintiff stated that her right ankle and right hip were sore. Plaintiff did not seek medical treatment that day. Although plaintiff recalled that the assistant manager told her the incident would be on camera, the assistant manager and an asset protection manager testified there was no surveillance of the area where the incident took place and there was no video of the incident.
The case was given to the jury on 9 August 2017. After approximately 30 minutes of deliberation, the jury returned its verdict finding plaintiff was not injured by the negligence of defendants. The trial court entered judgment on the jury verdict in favor of defendants on 16 October 2017.
On 26 October 2017, plaintiff filed a motion for a new trial pursuant to Rule 59(a)(8). After defendants filed a response and the matter came on for hearing, the trial court filed an order denying plaintiff's motion for new trial on 2 March 2018. The order was served on plaintiff on 23 March 2018.
On 4 April 2018, plaintiff filed notice of appeal from the trial court's 16 October 2017 judgment and 2 March 2018 order denying motion for a new trial.
II. Discussion
On appeal, plaintiff asserts cursory challenges to the trial court's jury instructions, evidentiary rulings, and the denial of her motion for a new trial.
1. Spoliation Instruction
Plaintiff first contends the trial court committed reversible error by failing to instruct the jury on spoliation as she requested. We disagree.
"[T]he trial court has wide discretion in presenting the issues to the jury and no abuse of discretion will be found where the issues are 'sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause.' " Murrow v. Daniels , 321 N.C. 494, 499-500, 364 S.E.2d 392, 396 (1988) (quoting Chalmers v. Womack , 269 N.C. 433, 435-36, 152 S.E.2d 505, 507 (1967) ).
On appeal, this Court considers a jury charge contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
Hammel v. USF Dugan, Inc. , 178 N.C. App. 344, 347, 631 S.E.2d 174, 177 (2006) (citations and quotation marks omitted) (emphasis added).
When reviewing the refusal of a trial court to give certain instructions requested by a party to the jury, this Court must decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim. If the instruction is supported by such evidence, the trial court's failure to give the instruction is reversible error.
Ellison v. Gambill Oil Co. , 186 N.C. App. 167, 169, 650 S.E.2d 819, 821 (2007) (citations omitted), aff'd per curiam and disc. review improvidently allowed , 363 N.C. 364, 677 S.E.2d 452 (2009).
A specific jury instruction should be given when "(1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury."
Outlaw v. Johnson , 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (quoting Liborio v. King , 150 N.C. App. 531, 534, 564 S.E.2d 272, 274, disc. review denied , 356 N.C. 304, 570 S.E.2d 726 (2002) ).
Our Courts have long recognized the principal of spoliation of evidence. This Court has explained as follows:
In Yarborough v. Hughes , our Supreme Court considered spoliation of evidence and held, "where a party fails to introduce in evidence documents that are relevant to the matter in question and within his control ... there is a presumption or at least an inference that the evidence withheld, if forthcoming, would injure his case." 139 N.C. 199, 209, 51 S.E. 904, 907-08 (1905). This Court also addressed spoliation in McLain v. Taco Bell Corp. , 137 N.C. App. 179, 527 S.E.2d 712, disc. rev. denied , 352 N.C. 357, 544 S.E.2d 563 (2000). In McLain , we held that lost evidence creates a permissible "adverse inference," not a mandatory presumption. 137 N.C. App. at 185, 527 S.E.2d at 717 (quotation omitted). We further noted, "[w]hen the evidence indicates that a party is aware of circumstances that are likely to give rise to future litigation and yet destroys potentially relevant records without particularized inquiry, a factfinder may reasonably infer that the party probably did so because the records would harm its case." Id. at 187-88, 527 S.E.2d at 718 (citing Blinzler v. Marriott International, Inc. , 81 F.3d 1148, 1158-59 (1st Cir.1996) ). The factfinder is free to determine "the documents were destroyed accidentally or for an innocent reason" and reject the inference. McLain , 137 N.C. App. at 185, 527 S.E.2d at 717 (citing Blinzler , 81 F.3d at 1159 ).
"[T]o qualify for the adverse inference, the party requesting it must ordinarily show that the 'spoliator was on notice of the claim or potential claim at the time of the destruction.' " McLain , 137 N.C. App. at 187, 527 S.E.2d at 718 (quotation omitted). The obligation to preserve evidence may arise prior to the filing of a complaint where the opposing party is on notice that litigation is likely to be commenced. Id. (citation omitted). The evidence lost must be "pertinent" and "potentially supportive of plaintiff's allegations." Id. at 188, 527 S.E.2d at 718. Finally, "[t]he proponent of a 'missing document' inference need not offer direct evidence of a coverup to set the stage for the adverse inference. Circumstantial evidence will suffice." Id. at 186, 527 S.E.2d at 718 (citing Blinzler , 81 F.3d at 1159 ).
Arndt v. First Union Nat. Bank , 170 N.C. App. 518, 527-28, 613 S.E.2d 274, 281 (2005).
In this case, plaintiff requested the jury instruction on spoliation during the charge conference. Both parties then offered arguments concerning the instruction. The trial court first agreed to give a spoliation instruction with a clarification that there was no evidence that a camera documented the location where plaintiff slipped. The trial court noted defendants' exception to the instruction and plaintiff's exception to the clarification. The parties were then allowed to review the jury instructions over a recess. Upon return from the recess, defendants returned to the spoliation instruction issue. The trial court heard further arguments, reopened the charge conference, and ultimately struck the spoliation instruction. The trial court noted plaintiff's exception.
Plaintiff now asserts the trial court erred by refusing to give the spoliation instruction because defendants failed to preserve video evidence from the store's surveillance system. Plaintiff contends a spoliation instruction was justified because defendants had exclusive control over the video evidence and were put on notice of plaintiff's injury and the potential for litigation. Furthermore, plaintiff asserts that she presented more than sufficient evidence to mandate a spoliation instruction. In support of her argument, plaintiff identifies her own testimony that an assistant store manager told her the incident would have been caught on tape and declined for plaintiff to show her the location of the incident. Plaintiff also points to evidence that the store's policy is for a manager to review surveillance footage for video of incidents that occur in the store and that there were hundreds of cameras in the store, including one near the incident, that may have captured video evidence of plaintiff in the store or plaintiff's interactions with the assistant store manager after the incident.
This evidence identified by plaintiff is not sufficient for this Court to determine the trial court abused its discretion in denying plaintiff's request for the spoliation jury instruction. We hold plaintiff has not met her burden.
Both sides acknowledge that plaintiff testified the assistant store manager told her the incident would be on camera. However, that portion of the transcript including plaintiff's testimony is not included in the record on appeal and cannot be considered by this Court. There is no other evidence that the incident was recorded on the store's surveillance system. In fact, the assistant store manager that responded to plaintiff's incident testified that the area of the store where the incident took place was not covered by video at the time, and had never been covered by video in the two years she worked at the store. An asset protection manager who was familiar with the video surveillance system in the store also testified that there was no video surveillance of the area where the incident occurred. He explained the surveillance cameras were set up to record the entrances, exits and other high traffic areas, the cash registers, the restrooms, and other areas that are known to be susceptible to a high risk of theft. The area where the incident occurred was not one of those high risk areas. The asset protection manager had no reason to believe that video of the incident ever existed. Additionally, at one point during arguments on the issue, plaintiff agreed that no evidence was admitted that the area where the incident occurred was videotaped.
Based on the evidence in the record, a spoliation instruction was not required as a result of defendants' failure to produce video evidence of the incident.
At trial, plaintiff also argued a spoliation instruction should be issued because defendants failed to preserve surveillance video of other areas of the store. Plaintiff hypothesized that the video was relevant because it may show the source of the substance plaintiff alleged she slipped on. Plaintiff, however has not developed those arguments on appeal and has not met her burden of showing how the jury was misled or that the verdict was affected by the omitted instruction. See Hammel , 178 N.C. App. at 347, 631 S.E.2d at 178.
Lastly, this Court has held that, "[i]f ... there was a fair, frank, and satisfactory explanation for the nonproduction of the evidence, 'the principle is inapplicable and no inference arises.' " Holloway v. Tyson Foods, Inc. , 193 N.C. App. 542, 547, 668 S.E.2d 72, 75 (2008) (quoting McLain , 137 N.C. App. at 184, 527 S.E.2d at 716 ). Here, the asset protection manager testified about the storage of video recorded on the store's surveillance system. He explained that the video is retained on a server in-house that has limited storage capacity. Video stored on the in-house server is never deleted by anyone, but is automatically overwritten as space is needed to store new video. At the time of plaintiff's incident, video was retained on the in-house server for between 45 and 60 days. Thus, video recorded from other parts of the store on the date of the incident was automatically recorded over by later surveillance video. Based upon this evidence, the trial court may have determined that this was a valid explanation for the nonproduction of video evidence so as to prohibit a negative inference from the nonproduction of evidence. See Holloway , 193 N.C. App. at 547, 668 S.E.2d at 75. Therefore, we cannot say the trial court abused its discretion in this instance.
2. Motion in Limine
Plaintiff also takes issue with the trial court's grant of defendants' motion in limine to keep plaintiff from mentioning that defendants admitted there was video surveillance of the incident.
"A motion in limine seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial, and is recognized in both civil and criminal trials. The trial court has wide discretion in making this advance ruling and will not be reversed absent an abuse of discretion." Heatherly v. Indus. Health Council , 130 N.C. App. 616, 619, 504 S.E.2d 102, 105 (1998) (quotation marks and citations omitted).
The motion in limine at issue here arose as a result of defendants' response to a request for admission that defendants claimed was inadvertent and later amended. Specifically, plaintiff's request for admission number 13 reads, "[d]oes defendant admit or deny that a video recording of plaintiff at the time and place cited in the complaint has been lost or destroyed." Defendants' initial response was, "[t]hat portion of the video which depicts the incident has been retained. Other footage made that day, including any that may have incidentally captured the Plaintiff on the premises at other times, has as of this time been automatically deleted." Defendants subsequently provided an amended response stating as follows:
Denied. Defendant knows of no video that depicts the event described in the Plaintiff's Complaint. Defendant's undersigned counsel affirms that the previous discovery response to Request for Admission #13 was an inadvertence and grammatical error. In support of such contention, Defendant's undersigned counsel draws Plaintiff's attention to Defendant's responses to Plaintiff's Request for Admission #1, 2, 4, and 5 and Plaintiff's First Set of Requests of Production #7.
During plaintiff's presentation of evidence, plaintiff sought to admit some of the requests for admissions by reading the requests and defendants' responses to the jury. At that time, defendants raised concern over request for admission number 13. Defense counsel explained that they caught the mistake about a month after their initial response when plaintiff's counsel indicated that they were going to file a motion to compel discovery of the video. Defendants then corrected the error in the amended response. Defense counsel explained that the mistaken admission was inconsistent with its other answers to discovery.
In response to defendant's concern over request for admission number 13, plaintiff argued defendants did not seek leave of the court to file the amended admission, leading the trial court to question whether leave of the court was necessary to amend discovery responses. After plaintiff cited case law for the trial court, defendants moved the trial court to allow the amendment to the request for admission. Plaintiff objected, but agreed the matter was within the trial court's discretion. Upon considering the arguments, the court announced the following decision:
All right. The Court, in its discretion, will allow the amendment .... I find that the amended response is consistent with the remainder of the statements in discovery, presented to the Plaintiff throughout the litigation, but it's -- it's -- it's not a surprise that it is -- runs the risk of confusion and prejudice and miss -- and runs the risk of misleading the jury ....
Based on the amendment, the trial court granted defendants' motion in limine , thereby allowing plaintiff to present only defendants' amended response to request for admission number 13 to the jury.
The trial court's decision to grant defendants' request to allow the amendment of their response to request for admission number 13 appears supported by reason and is not an abuse of discretion. See J.M. Parker & Sons, Inc. v. William Barber, Inc. , 208 N.C. App. 682, 688, 704 S.E.2d 64, 68 (2010) ("under Rule 36(b), a trial court has discretion to allow a motion for withdrawal or amendment of ... admissions. We have held that in the exercise of that discretion [the trial court is] not required to consider whether the withdrawal of the admissions would prejudice [a party] in maintaining its action.") (citations and quotation marks omitted); see also White v. White , 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason ... [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision."). As the trial court reasoned, defendants' amendment was consistent with other discovery responses and occurred only a month after defendants' timely responses to plaintiff's requests for admission.
On appeal, plaintiff does not challenge the trial court's discretionary decision to allow amendment of defendant's response to request for admission number 13. Plaintiff argues only that the trial court erred in its decision to grant defendants' motion in limine , thereby prohibiting plaintiff from mentioning defendants' initial response to request for admission number 13. Citing Templeton v. State Highway Comm'n , 254 N.C. 337, 118 S.E.2d 918 (1961), plaintiff asserts the grant of the motion in limine deprived her of the right to full and fair cross examination. We disagree. As the trial court explained, subsequent defendants' amendment of their response to request for admission number 13, allowing plaintiff to introduce the initial response risked misleading and confusing the jury. Moreover, the trial court's discretionary ruling did not deny plaintiff the right of cross examination; it simply disallowed plaintiff from introducing an inaccurate discovery response.
For these reasons, the trial court's decision to grant defendant's motion in limine to exclude plaintiff from introducing defendants' initial response was not an abuse of discretion.
3. Motion for a New Trial
Lastly, plaintiff contends the trial court erred in denying her motion for a new trial. "[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." Worthington v. Bynum , 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." Id. at 487, 290 S.E.2d at 605.
Plaintiff moved for a new trial pursuant to Rule 59(a)(8), which provides that a new trial may be granted for an "[e]rror in law occurring at the trial and objected to by the party making the motion[.]" N.C. Gen. Stat. § 1A-1, Rule 59(a)(8) (2017). The errors asserted by plaintiff as the bases of the motion for a new trial are those same errors alleged in the first two issues on appeal. Specifically, plaintiff contends the trial court erred in denying her motion for a new trial because "[t]he trial court committed two grievous errors of law when the court failed to instruct the jury on spoliation and unjustly limited plaintiff's right to cross examine defendants regarding the admission of the existence of the video surveillance." Because we have determined the trial court did not error by omitting a spoliation instruction and by granting defendants' motion in limine , it follows that the trial court did not error in denying plaintiff's motion for a new trial.
III. Conclusion
For the reasons discussed, the trial court did not error below.
NO ERROR.
Report per Rule 30(e).
Judges DILLON and MURPHY concur.